UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA SAGASTUME, individually, and on behalf of other members of the general public similarly situated,<br>    Plaintiff,<br><br>            v.<br><br>PSYCHEMEDICS CORPORATION, etc., et al,<br>    Defendants. | CV 20-6624 DSF (GJSx)<br><br>Order DENYING Motion to Remand (Dkt. No. 17) |

    Defendant removed this case based on CAFA jurisdiction. Plaintiff move for remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for September 28, 2020 is removed from the Court's calendar.

    This is a wage-and-hour case alleging unpaid overtime, a failure to provide meal and rest breaks, and other related claims. Plaintiff challenges Defendant's assumptions about violation rates and the evidence provided by Defendant regarding the number of potential class members, the hours worked by the potential class members, and the number of total pay periods applicable to the case.

    The Court finds that the evidence – a summary of business records provided by a knowledgeable employee of Defendant – is sufficient for the purposes of removal and this motion.

The Court is further satisfied that the violation assumptions made by Defendant are reasonable. Defendant assumes 1.5 hours of unworked overtime per week, a 40% meal and rest break violation rate, waiting time for all separated class members, and a maximum wage statement penalty. The overtime, meal, and rest break assumptions are reasonable given the extremely vague allegations in the complaint and if those violations are alleged, it is reasonable to assume that all employees are alleged to have received incorrect wage statements and not to have been paid in full on separation. The 25% addition for attorney's fees is also reasonable for a case of this type. In fact, it is the Ninth Circuit's benchmark and plaintiffs' counsel requests a higher percentage more often than a lower one. Plaintiff cannot assert extremely broad and vague allegations and then take issue with reasonable conclusions about the amount and controversy that can be drawn from those allegations.

The motion to remand is DENIED.

IT IS SO ORDERED.

Date: September 18, 2020         _____
                                 Dale S. Fischer
                                 United States District Judge