Edwin Aiwazian (Cal. State Bar No. 232943)
*edwin@calljustice.com*
Arby Aiwazian (Cal. State Bar No. 269827)
*arby@calljustice.com*
Daniel J. Kramer (Cal. State Bar No. 314625)
*daniel@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENMA SAGASTUME, individually, and on behalf of other members of the general public similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> PSYCHEMEDICS CORPORATION, an unknown business entity; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: 2:20-cv-06624-DSF-GJS <br><br> **SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** <br><br> (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); <br> (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); <br> (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); <br> (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); <br> (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); <br> (6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); <br> (7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); <br> (8) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); <br> (9) Violation of California Business & Professions Code §§ 17200, et seq. <br><br> **DEMAND FOR JURY TRIAL** |

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

COMES NOW, Plaintiff ENMA SAGASTUME ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1.      This class action was originally brought in the Superior Court for the County of Los Angeles pursuant to California Code of Civil Procedure section 382.

2.      This Court has asserted jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

3.      The Superior Court of the County of Los Angeles had jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

4.      The Superior Court of the County of Los Angeles had jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

5.      Venue was proper in the Superior Court of the County of Los Angeles this Court because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of Los Angeles.  The majority of acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, including the County of Los Angeles.

6.      Upon information and belief, Defendant PSYCHEMEDICS CORPORATION is a corporation whose members are citizens of Delaware and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   Massachusetts.  Upon information and belief, Defendant PSYCHEMEDICS

2   CORPORATION does business in California, and at all times hereinafter

3   mentioned, an employer whose employees are engaged throughout this District and

4   throughout the State of California.  Upon information and belief,

5   PSYCHEMEDICS CORPORATION maintains offices, has agents, and/or

6   transacts business in this District.

### PARTIES

7

8       7.      Plaintiff ENMA SAGASTUME is an individual residing in the State

9   of California, County of Los Angeles.

10      8.      Defendant PSYCHEMEDICS CORPORATION, at all times herein

11   mentioned, was and is, upon information and belief, an employer whose

12   employees are engaged throughout the State of California, including the County

13   of Los Angeles.

14      9.      At all relevant times, Defendant PSYCHEMEDICS CORPORATION

15   was the "employer" of Plaintiff within the meaning of all applicable California

16   laws and statutes.

17      10.     At all times herein relevant, Defendants PSYCHEMEDICS

18   CORPORATION, and DOES 1 through 100, and each of them, were the agents,

19   partners, joint venturers, joint employers, representatives, servants, employees,

20   successors-in-interest, co-conspirators and/or assigns, each of the other, and at all

21   times relevant hereto were acting within the course and scope of their authority as

22   such agents, partners, joint venturers, joint employers, representatives, servants,

23   employees, successors, co-conspirators and/or assigns, and all acts or omissions

24   alleged herein were duly committed with the ratification, knowledge, permission,

25   encouragement, authorization and/or consent of each defendant designated as a

26   DOE herein.

27      11.     The true names and capacities, whether corporate, associate,

28   individual or otherwise, of defendants DOES 1 through 100, inclusive, are

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   unknown to Plaintiff who sue said defendants by such fictitious names.  Plaintiff

2   is informed and believes, and based on that information and belief alleges, that

3   each of the defendants designated as a DOE is legally responsible for the events

4   and happenings referred to in this Complaint, and unlawfully caused the injuries

5   and damages to Plaintiff and the other class members as alleged in this

6   Complaint.  Plaintiff will seek leave of court to amend this Complaint to show the

7   true names and capacities when the same have been ascertained.

8         12.    Defendant PSYCHEMEDICS CORPORATION and DOES 1 through

9   100 will hereinafter collectively be referred to as "Defendants."

10         13.    Plaintiff further alleges that Defendants directly or indirectly

11   controlled or affected the working conditions, wages, working hours, and

12   conditions of employment of Plaintiff and the other class members so as to make

13   each of said Defendants employers liable under the statutory provisions set forth

14   herein.

15   ///

16   ## CLASS ACTION ALLEGATIONS

17         14.    Plaintiff brings this action on her own behalf and on behalf of all

18   other members of the general public similarly situated, and, thus, seeks class

19   certification under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil

20   Procedure.

21         15.    The proposed class is defined as follows:

22               All current and former hourly-paid or non-exempt employees who

23               worked for any of the Defendants within the State of California at

24               any time during the period from June 8, 2016 to final judgment.

25         16.    Plaintiff reserves the right to establish subclasses as appropriate.

26         17.    The class is ascertainable and there is a well-defined community of

27   interest in the litigation:

28             a.    Numerosity: The class members are so numerous that joinder

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  of all class members is impracticable.  The membership of the

2  entire class is unknown to Plaintiff at this time; however, the

3  class is estimated to be greater than fifty (50) individuals and

4  the identity of such membership is readily ascertainable by

5  inspection of Defendants' employment records.

6  b.  <u>Typicality</u>: Plaintiff's claims are typical of all other class

7  members as demonstrated herein.  Plaintiff will fairly and

8  adequately protect the interests of the other class members

9  with whom she has a well-defined community of interest.

10  c.  <u>Adequacy</u>: Plaintiff will fairly and adequately protect the

11  interests of each class member, with whom she has a well-

12  defined community of interest and typicality of claims, as

13  demonstrated herein.  Plaintiff has no interest that is

14  antagonistic to the other class members.  Plaintiff's attorneys,

15  the proposed class counsel, are versed in the rules governing

16  class action discovery, certification, and settlement.  Plaintiff

17  has incurred, and during the pendency of this action will

18  continue to incur, costs and attorneys' fees, that have been,

19  are, and will be necessarily expended for the prosecution of

20  this action for the substantial benefit of each class member.

21  d.  <u>Superiority</u>: A class action is superior to other available

22  methods for the fair and efficient adjudication of this litigation

23  because individual joinder of all class members is impractical.

24  e.  <u>Public Policy Considerations</u>: Certification of this lawsuit as a

25  class action will advance public policy objectives.  Employers

26  of this great state violate employment and labor laws every

27  day.  Current employees are often afraid to assert their rights

28  out of fear of direct or indirect retaliation.  However, class

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  actions provide the class members who are not named in the

2  complaint anonymity that allows for the vindication of their

3  rights.

4     18.     There are common questions of law and fact as to the class members

5  that predominate over questions affecting only individual members.  The

6  following common questions of law or fact, among others, exist as to the

7  members of the class:

8         a.     Whether Defendants' failure to pay wages, without abatement

9                or reduction, in accordance with the California Labor Code,

10               was willful;

11        b.     Whether Defendants' had a corporate policy and practice of

12               failing to pay their hourly-paid or non-exempt employees

13               within the State of California for all hours worked and missed

14               (short, late, interrupted, and/or missed altogether) meal periods

15               and rest breaks in violation of California law;

16        c.     Whether Defendants required Plaintiff and the other class

17               members to work over eight (8) hours per day and/or over

18               forty (40) hours per week and failed to pay the legally required

19               overtime compensation to Plaintiff and the other class

20               members;

21        d.     Whether Defendants deprived Plaintiff and the other class

22               members of meal and/or rest periods or required Plaintiff and

23               the other class members to work during meal and/or rest

24               periods without compensation;

25        e.     Whether Defendants failed to pay minimum wages to Plaintiff

26               and the other class members for all hours worked;

27        f.     Whether Defendants failed to pay all wages due to Plaintiff

28               and the other class members within the required time upon

their discharge or resignation;

g.   Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.   Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.   Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

j.   Whether Defendants' conduct was willful or reckless;

k.   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

l.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

m.   Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

19.   Class certification of the First through Ninth causes of action is appropriate pursuant to Rule 23(b)(3) because the aforementioned questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices have unlawfully denied Plaintiff and the other class members of overtime wages for all overtime hours worked, have denied them meal period premiums for all meal periods that were not provided in compliance with the applicable Industrial Welfare Commission

("IWC") Order and California Labor Code, have denied them rest period premiums for all rest periods that were not provided in compliance with the applicable IWC Order and California Labor Code, have denied them of minimum wages for all hours worked, have denied them payment of their wages in a timely manner, have denied them of accurate wage statements in compliance with the California Labor Code, have denied them from getting reimbursed for necessary business related expenses, and amount to unfair competition under California Business and Professions Code Sections 17200 et seq. The damages suffered by individual class members are relatively small compared to the expense and burden of individual prosecution of this litigation. For this reason, as well as the fact that class members currently employed by Defendants may fear direct or indirect retaliation from Defendants for prosecuting an action against Defendants, the class members' interests in individually controlling the prosecution of this action is minimal. In addition, a class action in this forum is desirable as it will eliminate the risk of inconsistent rulings regarding the legality of Defendants' policies, practices, and procedures. Managing this case as a class action will not present difficulties as the parties can utilize approved methods of random statistical sampling and expert testimony at trial.

20. Once class certification is granted, Plaintiff will send notice to all members of the class consistent with the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure. Specifically, Plaintiff will submit a proposed notice to the Court for its approval, stating (i) the nature of this action, (ii) the definition of the certified class, (iii) the class claims, issues, and/or defenses, (iv) that a class member may enter an appearance through an attorney if he or she so desires, (v) that the Court will exclude from the class any member who requests exclusion, (vi) the time and manner for requesting exclusion, and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

///

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**GENERAL ALLEGATIONS**

21.     At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Los Angeles.

22.     Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt Accessioner/Weigher, from approximately May 2016 to approximately November 2017, in the State of California, County of Los Angeles.

23.     Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

24.     Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

25.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

26.     Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

27.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

28.     Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This pattern and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed, shortened, late, and/or interrupted meal periods and rest breaks in violation of California law.

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.  Defendant failed to, inter alia, compensate Plaintiff and the other class members for job duties performed before and/or after their scheduled shifts and during meal periods such as performing data entry, analyzing hair samples, weighing hair samples, cleaning and organizing work stations, gathering supplies necessary for work-related tasks, receiving and answering work-related questions from supervisors and managers.

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to relieve Plaintiff and the other class members of all duties, failed to relinquish control over Plaintiff and the other class members' activities, failed to permit Plaintiff and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking, thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work for shifts lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal breaks no later than their tenth hour of work for shifts lasting more than ten (10) hours.

33.     Plaintiff is informed and believes, and based thereon alleges, that

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, shortened, late, and/or interrupted and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, shortened, late, and/or interrupted.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide, authorize, and permit Plaintiff and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, shortened, late, and/or interrupted, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed, shortened, late, and/or interrupted.

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked. Defendant's failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class

1    members worked off the clock performing work duties.

2         37.    Plaintiff is informed and believes, and based thereon alleges, that

3    Defendants knew or should have known that Plaintiff and the other class

4    members were entitled to receive all wages owed to them upon discharge or

5    resignation, including overtime and minimum wages and meal and rest period

6    premiums, and they did not, in fact, receive all such wages owed to them at the

7    time of their discharge or resignation.

8         38.    Plaintiff is informed and believes, and based thereon alleges, that

9    Defendants knew or should have known that Plaintiff and the other class

10   members were entitled to receive all wages owed to them during their

11   employment.  Plaintiff and the other class members did not receive payment of all

12   wages, including overtime and minimum wages and meal and rest period

13   premiums, within any time permissible under California Labor Code section 204.

14        39.    Plaintiff is informed and believes, and based thereon alleges, that

15   Defendants knew or should have known that Plaintiff and the other class

16   members were entitled to receive complete and accurate wage statements in

17   accordance with California law, but, in fact, they did not receive complete and

18   accurate wage statements from Defendants.  The deficiencies included, *inter alia*,

19   the failure to include the accurate total number of hours worked by Plaintiff and

20   the other class members and the accurate total amount of wages earned by

21   Plaintiff and the other class members.

22        40.    Plaintiff is informed and believes, and based thereon alleges, that

23   Defendants knew or should have known that Defendants had to keep complete

24   and accurate payroll records for Plaintiff and the other class members in

25   accordance with California law, but, in fact, did not keep complete and accurate

26   payroll records.  Defendants' failure included, *inter alia*, the failure to keep

27   accurate records of the hours worked by Plaintiff and the other class members.

28        41.    Plaintiff is informed and believes, and based thereon alleges, that

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

42.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

43.     During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

44.     During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

45.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

46.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

47.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

48.     During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

49.     During the relevant time period, Defendants failed to keep complete

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    or accurate payroll records for Plaintiff and the other class members.

2          50.    During the relevant time period, Defendants failed to reimburse

3    Plaintiff and the other class members for all necessary business-related expenses

4    and costs.

5          51.    During the relevant time period, Defendants failed to properly

6    compensate Plaintiff and the other class members pursuant to California law in

7    order to increase Defendants' profits.

8          52.    California Labor Code section 218 states that nothing in Article 1 of

9    the Labor Code shall limit the right of any wage claimant to "sue directly . . . for

10   any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against PSYCHEMEDICS CORPORATION and DOES 1 through 100)

14         53.    Plaintiff incorporates by reference the allegations contained in

15   Paragraphs 1 through 52, and each and every part thereof with the same force and

16   effect as though fully set forth herein.

17         54.    California Labor Code section 1198 and the applicable Industrial

18   Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ

19   persons without compensating them at a rate of pay either time-and-one-half or

20   two-times that person's regular rate of pay, depending on the number of hours

21   worked by the person on a daily or weekly basis.

22         55.    Specifically, the applicable IWC Wage Order provides that

23   Defendants are and were required to pay Plaintiff and the other class members

24   employed by Defendants, and working more than eight (8) hours in a day or more

25   than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours

26   worked in excess of eight (8) hours in a day or more than forty (40) hours in a

27   workweek.

28         56.    The applicable IWC Wage Order further provides that Defendants

1   are and were required to pay Plaintiff and the other class members overtime

2   compensation at a rate of two times their regular rate of pay for all hours worked

3   in excess of twelve (12) hours in a day.

4       57.    California Labor Code section 510 codifies the right to overtime

5   compensation at one-and-one-half times the regular hourly rate for hours worked

6   in excess of eight (8) hours in a day or forty (40) hours in a week or for the first

7   eight (8) hours worked on the seventh day of work, and to overtime compensation

8   at twice the regular hourly rate for hours worked in excess of twelve (12) hours in

9   a day or in excess of eight (8) hours in a day on the seventh day of work.

10       58.    During the relevant time period, Plaintiff and the other class

11   members worked in excess of eight (8) hours in a day, and/or in excess of forty

12   (40) hours in a week performing work duties off-the-clock such as performing

13   data entry, analyzing hair samples, weighing hair samples, cleaning and

14   organizing work stations, gathering supplies necessary for work-related tasks,

15   receiving and answering work-related questions from supervisors and managers.

16   By way of example, during the period of approximately October 2016 to

17   November 2016, Plaintiff was not compensated at an overtime rate for all time

18   worked in excess of eight (8) hours per day.

19       59.    During the relevant time period, Defendants intentionally and

20   willfully failed to pay overtime wages owed to Plaintiff and the other class

21   members.  Plaintiffs and the other class members did not receive overtime

22   compensation at one and one-half times their regular hourly rate of pay for all

23   hours spent performing job duties in excess of eight (8) hours in a day or forty (40)

24   hours in a week or for the first eight (8) hours worked on the seventh day of work

25       60.    Defendants' failure to pay Plaintiff and the other class members the

26   unpaid balance of overtime compensation, as required by California laws,

27   violates the provisions of California Labor Code sections 510 and 1198, and is

28   therefore unlawful.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

61.     Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against PSYCHEMEDICS CORPORATION and DOES 1 through 100)**

62.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 61, and each and every part thereof with the same force and effect as though fully set forth herein.

63.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

64.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

65.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

66.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

mutual consent of the employer and the employee only if the first meal period was not waived.

67.    During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

68.    During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

69.    During the relevant time period Plaintiff and the other class members' meal periods were missed, shortened, taken late, and/or were interrupted because Defendant required them to perform work duties including but not limited to data entry, analyzing hair samples, weighing hair samples, cleaning and organizing work stations, gathering supplies necessary for work-related tasks, receiving and answering work-related questions from supervisors and managers.  Plaintiff and the other class members were required to reach strict performance requirements set by Defendants, even when it resulted in late, missed, shortened, or interrupted meal periods.

70.    As a result, Defendant failed to relieve Plaintiff and the other class members of all duties, failed to relinquish control over Plaintiff and the other class members' activities, failed to permit Plaintiff and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal periods no later than the end of their fifth hour of work for shifts lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal periods no later than their tenth hour of work for shifts lasting more than ten (10) hours.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

71.     During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

72.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

73.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

74.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against PSYCHEMEDICS CORPORATION and DOES 1 through 100)

75.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 74, and each and every part thereof with the same force and effect as though fully set forth herein.

76.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

77.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

78.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that

the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

79.     During the relevant time period, Plaintiff and the other class members' rest periods were missed, shortened, late, and/or interrupted because Defendants required them to perform work duties including but not limited to data entry, analyzing hair samples, weighing hair samples, cleaning and organizing work stations, gathering supplies necessary for work-related tasks, receiving and answering work-related questions from supervisors and managers.  Plaintiff and the other class members were required to reach strict performance requirements set by Defendants, even when it resulted in late, missed, shortened, or interrupted rest periods.  By way of example, Plaintiff was not provided with an uninterrupted ten (10) minute rest period for every major fraction of four (4) hours approximately four to five times per work week while employed with Defendants.

80.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

81.     As a result, Defendant failed to provide, authorize, and/or permit Plaintiff and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3½) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and/or three full, uninterrupted, off-duty rest periods for every shift lasting ten (10) to fourteen (14) hours and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

82.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

83.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

84.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against PSYCHEMEDICS CORPORATION and DOES 1 through 100)**

85.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 84, and each and every part thereof with the same force and effect as though fully set forth herein.

86.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

87.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.  Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off the clock performing work duties.  For example, Defendants failed to pay Plaintiff for all overtime hours worked during the period of approximately October 2016 to November 2016.

88.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

89.     Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

90.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against PSYCHEMEDICS CORPORATION and DOES 1 through 100)

91.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 90, and each and every part thereof with the same force and effect as though fully set forth herein.

92.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that  if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

93.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

94.     Plaintiff was not paid at the time of her discharge wages earned and unpaid throughout her employment, including but not limited to, minimum wages

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   and overtime wages for time worked off-the-clock and meal and rest period

2   premium payments.

3       95.   Defendants' failure to pay Plaintiff and the other class members who

4   are no longer employed by Defendants' their wages, earned and unpaid, within

5   seventy-two (72) hours of their leaving Defendants' employ, is in violation of

6   California Labor Code sections 201 and 202.

7       96.   California Labor Code section 203 provides that if an employer

8   willfully fails to pay wages owed, in accordance with sections 201 and 202, then

9   the wages of the employee shall continue as a penalty from the due date thereof at

10  the same rate until paid or until an action is commenced; but the wages shall not

11  continue for more than thirty (30) days.

12      97.   Plaintiff and the other class members are entitled to recover from

13  Defendants the statutory penalty wages for each day they were not paid, up to a

14  thirty (30) day maximum pursuant to California Labor Code section 203.

15  

**SIXTH CAUSE OF ACTION**

16  **(Violation of California Labor Code § 204)**

17  **(Against PSYCHEMEDICS CORPORATION and DOES 1 through 100)**

18      98.   Plaintiff incorporates by reference the allegations contained in

19  paragraphs 1 through 97, and each and every part thereof with the same force and

20  effect as though fully set forth herein.

21      99.   At all times herein set forth, California Labor Code section 204

22  provides that all wages earned by any person in any employment between the 1st

23  and 15th days, inclusive, of any calendar month, other than those wages due upon

24  termination of an employee, are due and payable between the 16th and the 26th

25  day of the month during which the labor was performed.

26      100.  At all times herein set forth, California Labor Code section 204

27  provides that all wages earned by any person in any employment between the

28  16th and the last day, inclusive, of any calendar month, other than those wages

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

101.   At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

102.   During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

103.   Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

**SEVENTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against PSYCHEMEDICS CORPORATION and DOES 1 through 100)**

104.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 103, and each and every part thereof with the same force and effect as though fully set forth herein.

105.   At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the

employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

106.   Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include, but are not limited to: the failure to include the accurate total number of hours worked by Plaintiff and the other class members.  By way of example, Plaintiff's wage statements fail to state the accurate total number of all hours worked by Plaintiff and the corresponding accurate rates of pay for all regular and overtime hours worked by Plaintiff and fail to state the total accurate earnings because Plaintiff was required to perform work duties off-the-clock and during meal and rest periods, including but not limited to, performing data entry, analyzing hair samples, weighing hair samples, cleaning and organizing work station, gathering supplies necessary for work-related tasks, receiving and answering work-related questions from supervisors and managers.

107.   As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.  Because Plaintiff and the putative class members' wage statements did not reflect the accurate total number of regular and overtime hours worked, including but not limited to time worked off-the-clock, Plaintiff and the putative class members were unable to determine the total amount of hours they worked, were unable to determine the total amount of compensation they were owed, and were unable to verify they were paid the proper amount for all regular and overtime hours worked.  In order to determine how much Plaintiff and the putative class members should have been paid, Plaintiff and the putative class members would have had to engage in discovery and mathematical

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    computations in order to reconstruct the missing information.

2         108.   More specifically, Plaintiff and the other class members have been

3    injured by Defendants' intentional and willful violation of California Labor Code

4    section 226(a) because they were denied both their legal right to receive, and their

5    protected interest in receiving, accurate and itemized wage statements pursuant to

6    California Labor Code section 226(a).

7         109.   California Labor Code section 226(e) provides that an employee

8    suffering injury as a result of a knowing and intentional failure by an employer to

9    comply with California Labor Code section 226(a) is entitled to recover the greater

10   of all actual damages or fifty dollars ($50) for the initial pay period in which a

11   violation occurs and one hundred dollars ($100) per employee for each violation in

12   a subsequent pay period, not to exceed an aggregate penalty of four thousand

13   dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

14        110.   California Code of Civil Procedure section 338(a) provides a three-

15   year statute of limitations for an action upon a liability created by statute.

16   Therefore, pursuant to California Labor Code section 226(e) Plaintiff is entitled to

17   seek her actual damages caused by Defendants' failure to comply with California

18   Labor Code section 226(a).  Plaintiff's claim for damages is timely because it is

19   brought within the three-year statute of limitations.

20        111.   The other class members who were employed by Defendants during

21   the applicable statute of limitations period for Labor Code section 226(e) penalties

22   are entitled to recover from Defendants the greater of their actual damages caused

23   by Defendants' failure to comply with California Labor Code section 226(a), or an

24   aggregate penalty not exceeding four thousand dollars per employee.

25        112.   Plaintiff and the other class members are entitled to recover from

26   Defendants the greater of their actual damages caused by Defendants' failure to

27   comply with California Labor Code section 226(a), or an aggregate penalty not

28   exceeding four thousand dollars per employee.

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**EIGHTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against PSYCHEMEDICS CORPORATION and DOES 1 through 100)**

113.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 112, and each and every part thereof with the same force and effect as though fully set forth herein.

114.   Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

115.   Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including but not limited to the use of personal phones for business-related purposes, costs incurred to purchase supplies for business-related purposes, and costs incurred using their personal vehicles for work travel.

116.   Plaintiff purchased supplies, including but not limited to paper, pencils and organizers, at least once a month in order to keep her work station clean and organized because Defendants required employees' work stations to be clean to avoid contamination of hair samples.  Defendants did not provide Plaintiff with a company vehicle to use in the performance of her job duties, and therefore, Plaintiff utilized her personal vehicle to travel to an off-site location for training during her employment.  Plaintiff and other putative class members were required to comply with Defendants' dress code every day that she worked, and she incurred costs in purchasing such items to meet the dress code that were not reimbursed by Defendants.

117.   Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

118.   Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## NINTH CAUSE OF ACTION

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against PSYCHEMEDICS CORPORATION and DOES 1 through 100)**

119.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 118, and each and every part thereof with the same force and effect as though fully set forth herein.

120.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

121.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

122.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

123. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

124. Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property during the period that commenced four years preceding the filing of the Complaint.

125. Plaintiff and the other class members seek restitution of wages withheld and retained by Defendants during a period that commences four years preceding the filing of this Complaint and for which Plaintiff and the other class members would not have an adequate legal remedy should Plaintiff and the other class members be unable to seek full restitution for any loss of money and/or property that occurred four years preceding the filing of the Complaint during which time they were employed by Defendant.

126. Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years preceding the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the Court may deem just and proper.

### As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  Plaintiff and the other class members;

2      11.    That the Court make an award to Plaintiff and the other class

3  members of one (1) hour of pay at each employee's regular rate of compensation

4  for each workday that a meal period was not provided;

5      12.    For all actual, consequential, and incidental losses and damages,

6  according to proof;

7      13.    For premium wages pursuant to California Labor Code section

8  226.7(c);

9      14.    For pre-judgment interest on any unpaid wages from the date such

10  amounts were due;

11      15.    For reasonable attorneys' fees and costs of suit incurred herein; and

12      16.    For such other and further relief as the Court may deem just and

13  proper.

14                    **As to the Third Cause of Action**

15      17.    That the Court declare, adjudge and decree that Defendants violated

16  California Labor Code section 226.7 and applicable IWC Wage Orders by

17  willfully failing to provide all rest periods to Plaintiff and the other class

18  members;

19      18.    That the Court make an award to Plaintiff and the other class

20  members of one (1) hour of pay at each employee's regular rate of compensation

21  for each workday that a rest period was not provided;

22      19.    For all actual, consequential, and incidental losses and damages,

23  according to proof;

24      20.    For premium wages pursuant to California Labor Code section

25  226.7(c);

26      21.    For pre-judgment interest on any unpaid wages from the date such

27  amounts were due; and

28  ///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

22. For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24. For general unpaid wages and such general and special damages as may be appropriate;

25. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28. For liquidated damages pursuant to California Labor Code section 1194.2; and

29. For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

30. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31. For all actual, consequential, and incidental losses and damages, according to proof;

32. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants'

1   employ;

2       33.    For pre-judgment interest on any unpaid compensation from the date

3   such amounts were due; and

4       34.    For such other and further relief as the Court may deem just and

5   proper.

6   **As to the Sixth Cause of Action**

7       35.    That the Court declare, adjudge and decree that Defendants violated

8   California Labor Code section 204 by willfully failing to pay all compensation

9   owed at the time required by California Labor Code section 204 to Plaintiff and

10  the other class members;

11      36.    For all actual, consequential, and incidental losses and damages,

12  according to proof;

13      37.    For pre-judgment interest on any unpaid compensation from the date

14  such amounts were due; and

15      38.    For such other and further relief as the Court may deem just and

16  proper.

17  **As to the Seventh Cause of Action**

18      39.    That the Court declare, adjudge and decree that Defendants violated

19  the record keeping provisions of California Labor Code section 226(a) and

20  applicable IWC Wage Orders as to Plaintiff and the other class members, and

21  willfully failed to provide accurate itemized wage statements thereto;

22      40.    For actual, consequential and incidental losses and damages,

23  according to proof for Plaintiff and the other class members;

24      41.    For statutory penalties pursuant to California Labor Code section

25  226(e); and

26      42.    For such other and further relief as the Court may deem just and

27  proper.

28  ///

*LAWYERS for JUSTICE, PC*
410 West Arden Avenue, Suite 203
Glendale, California 91203

**As to the Eighth Cause of Action**

43.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

44.     For actual, consequential and incidental losses and damages, according to proof;

45.     For the imposition of civil penalties and/or statutory penalties;

46.     For reasonable attorneys' fees and costs of suit incurred herein; and

47.     For such other and further relief as the Court may deem just and proper.

**As to the Ninth Cause of Action**

48.     That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802 for the entirety of Plaintiff's time of employment at Defendant.

49.     For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

50.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

51.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

52.    For such other and further relief as the Court may deem just and proper.

Dated: December 29, 2020                    **LAWYERS *for* JUSTICE, PC**

                                            By: /s/ Edwin Aiwazian
                                            Edwin Aiwazian
                                            *Attorneys for* Plaintiff

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203