Edwin Aiwazian (Cal. State Bar No. 232943)
    edwin@calljustice.com
Arby Aiwazian (Cal. State Bar No. 269827)
    arby@calljustice.com
Joanna Ghosh (Cal. State Bar No. 272479)
    joanna@calljustice.com
Ovsanna Takvoryan (Cal. State Bar No. 217435)
    ovsanna@calljustice.com
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone:  (818) 265-1020
Facsimile:   (818) 265-1021

*Attorneys for* Plaintiff ENMA SAGASTUME

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENMA SAGASTUME, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>             Plaintiff,<br><br>      v.<br><br>PSYCHEMEDICS CORPORATIONS, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>             Defendants. | Case No.: 2:20-cv-06624-DSF-GJS<br><br>Honorable Dale S. Fischer<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declaration of Proposed Class Counsel (Ovsanna Takvoryan); Declaration of Proposed Class Representative (Enma Sagastume); and [Proposed] Order]<br><br>Date:          January 23, 2023<br>Time:          1:30 p.m.<br>Courtroom:   7D<br><br>Complaint Filed:  June 9, 2020<br>FAC Filed:        October 15, 2020<br>SAC Filed:        December 30, 2020<br>TAC Filed:        October 6, 2022<br>Trial Date:       None Set |

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

 **PLEASE TAKE NOTICE** that on January 23, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Dale S. Fischer in Courtroom 7D of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiff Enma Sagastume ("Plaintiff" or "Class Representative") will, and hereby does, move for an order:

- Granting preliminary approval of the proposed class action settlement described herein and as set forth in the Joint Stipulation of Class Action and PAGA Settlement ("Settlement," "Agreement," or "Settlement Agreement"), attached as "**EXHIBIT 1**" to the Declaration of Ovsanna Takvoryan, including, but not limited to, the means of allocation and distribution of the Gross Settlement Amount and the Net Settlement Amount, and the allocations for penalties under the California Labor Code Private Attorneys General Act of 2004, Attorneys' Fees and Costs to Class Counsel, Class Representative Service Payment to Plaintiff, and Notice and Administration Costs to the Settlement Administrator;

- Conditionally certifying the Class for settlement purposes;

- Preliminarily appointing Plaintiff Enma Sagastume as the Class Representative;

- Preliminarily appointing Edwin Aiwazian, Esq., Arby Aiwazian, Esq., Joanna Ghosh, Esq., and Ovsanna Takvoryan, Esq. of Lawyers *for* Justice, PC as Class Counsel;

- Approving the proposed Notice of Class Action Settlement ("Class Notice"), attached as "**EXHIBIT A**," to the [Proposed] Order Granting Preliminary Approval of Class Action and PAGA Settlement ("Proposed Order");

- Directing the mailing of the Class Notice to the Class Members;

- Approving the proposed deadlines for the notice and settlement administration process;
- Approving Simpluris, Inc. ("Simpluris") as the Settlement Administrator; and
- Scheduling a hearing to consider whether to grant final approval of the Settlement, at which time the Court will also consider whether to grant final approval of the requests for Attorneys' Fees and Costs to Class Counsel, Class Representative Service Payment for Plaintiff, and Notice and Administration Costs to the Settlement Administrator.

This motion is based upon the following memorandum of points and authorities; the Settlement Agreement; the Declaration of Proposed Class Counsel (Ovsanna Takvoryan) the Declaration of Proposed Class Representative (Enma Sagastume) in support thereof; as well as the pleadings and other records on file with the Court in this matter, and such evidence and oral argument as may be presented at the hearing on this motion.

Dated: November 18, 2022            **LAWYERS *for* JUSTICE, PC**

By:   /s/ Ovsanna Takvoryan
Ovsanna Takvoryan
*Attorneys for* Plaintiff Enma Sagastume

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

# **TABLE OF CONTENTS**

**I.**   **SUMMARY OF MOTION** ...............................................................1

**II.**  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY** ............3

**III.** **SUMMARY OF THE SETTLEMENT TERMS** ...............................5

A.   The Class for Settlement Purposes ..............................................5

B.   Essential Terms of the Settlement ...............................................5

C.   Calculation and Range of Individual Settlement Amounts to Settlement Class Members ...........................................................6

D.   Settlement Opt-Out and Objection Procedures ..............................7

E.   Scope of the Class Release ..........................................................8

**IV.**  **THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT** ...............................................9

**V.**   **THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED** 10

A.   The Settlement Resulted from Arm's Length Negotiations and Extensive Investigation and Discovery ......................................10

B.   The Settlement Is Fair, Reasonable, and Adequate .....................12

**VI.**  **APPOINTMENT OF CLASS REPRESENTATIVE AND CONTEMPLATED SERVICE PAYMENT** ...................................14

**VII.** **APPOINTMENT OF CLASS COUNSEL AND CONTEMPLATED ATTORNEYS' FEES AND COSTS** .............................................15

**VIII.** **CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23** ..............................................17

A.   Numerosity .............................................................................17

B.   Commonality ..........................................................................17

C.   Typicality ...............................................................................18

D.   Adequacy of Representation .....................................................19

E.   Predominance and Superiority ..................................................19

**IX.**  **ADEQUACY OF THE METHOD OF NOTICE** .................................20

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

ii

**X.     APPOINTMENT OF THE SETTLEMENT ADMINISTRATOR
AND CONTEMPLATED SETTLEMENT ADMINISTRATOR
COSTS** ................................................................................................22

**XI.    DEADLINES FOR NOTICE AND ADMINISTRATION** ......................22

**XII.   CONCLUSION** ....................................................................................24

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**

*Dukes v. Wal–Mart, Inc.*, 564 U.S. 338 (2011).............................................................18

*Elsen v. Carlisle & Jacqueline*, 417 U.S. 156 (1974) ...............................................22

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .............................................................17

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) .......................................22

**Federal Cases**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)...............................................20

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001)....................................................19

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975) ....................................................19

*Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) ..............................21

*Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) ..............................................................................................11

*In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693 (W.D. Wash. 1992) 18

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) ......................15, 19

*In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013)..............16

*In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438 (C.D. Cal. 2014) ..........15

*Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610 (C.D. Cal. 2008) .......................18

*Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) 17

*Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124 (S.D. Cal. 1996) 21

*Singer v. Becton Dickinson and Co.*, 2010 WL 2196104 (S.D. Cal. June 1, 2010) ....17

*Staton v. Boeing*, 327 F.3d 938 (9th Cir. 2003)........................................................15

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482 (E.D. Cal. 2010) .................17

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002)...............................16, 17

*Welmer v. Syntex*, 117 F.R.D. 641 (N.D. Cal. 1987)..............................................19

**Rules**

Federal Rule of Civil Procedure 23(a)........................................................................18

Federal Rule of Civil Procedure 23(a)(1)...................................................................18

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Federal Rule of Civil Procedure 23(a)(4) ..............................................................19

Federal Rule of Civil Procedure 23(b)...................................................................18

Federal Rule of Civil Procedure 23(b)(3) ..............................................................20

Federal Rule of Civil Procedure 23(c)(2)(B)....................................................21, 22

Federal Rule of Civil Procedure 23(e).............................................................10, 21

Federal Rule of Civil Procedure 23(h)...................................................................16

**Other Authorities**

*Manual for Complex Litig., Fourth* § 21.132 .......................................................20

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF MOTION

Plaintiff Enma Sagastume ("Plaintiff" or "Class Representative") respectfully requests that this Court grant preliminary approval of the Joint Stipulation of Class Action and PAGA Settlement ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiff, individually and on behalf of all others similarly situated and other aggrieved employees, on the one hand, and Defendant Psychemedics Corporation ("Defendant" or "Psychemedics"), on the other hand. Subject to approval by the Court, Plaintiff and Defendant (collectively, the "Parties") have agreed to settle the action entitled *Enma Sagastume v. Psychemedics Corporation*, Central District of California Case No. 2:20-CV-06624-DSF-GJS (the "Action") for a Gross Settlement Amount of One Million One Hundred Fifty Thousand Dollars ($1,150,000.00).[1]

The Gross Settlement Amount includes the following: (1) Individual Settlement Amounts to Settlement Class Members which will be distributed from the Net Settlement Amount; (2) Class Representative Service Payment of Seven Thousand Five Hundred Dollars ($7,500.00) to Plaintiff; (3) Attorneys' Fees and Costs to Class Counsel, consisting of attorneys' fees in the amount of thirty-five percent (35%) of the Gross Settlement Amount, or $402,500.00, and reimbursement of litigation costs and expenses not to exceed Fifty Thousand Dollars ($50,000.00); (4) Notice and Administration Costs to the Settlement Administrator in the amount not to exceed Fifteen Thousand Dollars ($15,000.00); and (5) the amount of Two Hundred Thousand Dollars ($200,000.00) allocated to penalties under the Private Attorneys General Act  ("PAGA"), of which 75% (i.e., $150,000.00) will be distributed to the Labor and Workforce Development Agency ("LWDA") and 25% (i.e., $50,000.00) will be distributed to PAGA Members ("PAGA Member Amount").

---

[1] A copy of the fully-executed Settlement Agreement is attached as "**EXHIBIT 1**" to the Declaration of Ovsanna Takvoryan filed concurrently herewith ("Takvoryan Decl.").

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Plaintiff also seeks to provisionally certify the following Class for settlement purposes, which Defendant does not oppose:

All current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the period from June 9, 2017 through the Preliminary Approval Date ("Class" or "Class Members").

As of November 2021, the Class was estimated to consist of approximately three hundred and ninety-three (393) individuals.

Class Members who do not submit a timely and valid request to be excluded from the Settlement ("Settlement Class Member") will receive a proportional share of the Net Settlement Amount ("Individual Settlement Amount") based upon the total number of weeks worked by each Settlement Class Member employed by Defendant in California in a non-exempt or hourly-paid position during the period from June 9, 2017 through Preliminary Approval Date ("Workweeks").

The Settlement resolves the Released Claims of Plaintiff and Settlement Class Members, against the Releasees.

The Parties reached the Settlement after engaging in significant formal and informal discovery, investigations, and arm's-length negotiations. The Settlement resulted from a formal mediation conducted by Jeffrey Krivis, Esq., a well-respected mediator who is experienced in wage-and-hour class actions. The Settlement satisfies the criteria for approval and falls within the range of possible approval under California and federal law.  Additionally, the proposed Class Notice provides the best notice practicable under the circumstances and will allow each Class Member a full and fair opportunity to evaluate the Settlement and decide whether to participate in it. Accordingly, Plaintiff moves the Court to: grant preliminary approval of the Settlement and the allocations for Attorneys' Fees and Costs, the Class Representative Service Payment, and the Notice and Administration Costs; certify the proposed Class for settlement purposes; direct distribution of the Class Notice; and set a Final Approval Hearing.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## II.    <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

Defendant is a publicly traded company that provides for drug testing through a patented process using hair samples. Plaintiff Enma Sagastume is a former employee of Defendant.  Declaration of Enma Sagastume filed concurrently herewith ("Sagastume Decl.") ¶ 2.

On June 9, 2020, Plaintiff filed a wage and hour putative class action entitled *Enma Sagastume v. Psychemedics Corporation* in the Superior Court of the State of California, County of Los Angeles, Case No. 20STCV2243, against Defendant for violations of the California Labor Code and the California Business and Professions Code (the "Action").

On July 24, 2020, Defendant removed the Action to the United States District Court, Central District of California, and the case was assigned case number 2:20-cv-06624-DSF-GJS.  (Doc. No. 1).  On August 25, 2020, Plaintiff filed a Motion to Remand Pursuant to 28 U.S.C. § 1447. (Doc. No. 17).  On September 8, 2020, Defendant filed an Opposition to Plaintiff's Motion to Remand.  (Doc. No. 18).  On September 18, 2020, the Court denied Plaintiff's Motion to Remand.  (Doc. No. 21).

On October 15, 2020, Plaintiff filed a First Amended Class Action Complaint for Damages, adding additional facts.   On October 29, 2020, Defendant filed a Motion to Dismiss and/or Strike Plaintiff's First Amended Complaint.  (Doc. No. 32). On November 30, 2020, the Court denied in part and granted in part Defendant's motion.  (Doc. No. 36).

On December 30, 2020, Plaintiff filed a Second Amended Class Action Complaint for Damages.  On January 13, 2021, Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint.  (Doc. No. 38).  On February 16, 2021, the Court granted in part and denied in part Defendant's motion.  (Doc. No. 41).  On March 2, 2021, Defendant filed an Answer to the Second Amended Complaint. (Doc. No. 42).

On November 12, 2021, Plaintiff, by online submission to the California Labor

3

& Workforce Development Agency and by U.S. Certified Mail to the Defendant, provided notice of her intent to seek civil penalties for alleged violations of the California Labor Code, under the PAGA (the "PAGA Letter").

On October 6, 2022, Plaintiff filed a Third Amended Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. ("Operative Complaint") to add a cause of action for violations of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004).

Plaintiff contends that Defendant has violated the California Labor Code by, *inter alia*, failing to properly pay minimum and overtime wages, failing to provide compliant meal and rest periods or pay associated premium payments, failing to timely pay wages upon termination, failing to timely pay wages during employment, failing to provide compliant wage statements, failing to maintain adequate payroll records, and failing to reimburse necessary business-related expenses. Plaintiff further contends that, due to the referenced conduct, Defendant owes civil penalties recoverable under the PAGA (California Labor Code section 2698, et seq.) As a result, Plaintiff contends that she and the Class Members are entitled to, *inter alia*, unpaid wages, penalties, and attorneys' fees.

Defendant denies any liability or wrongdoing of any kind associated with Plaintiff's allegations in the Action, disputes the damages and penalties claimed by Plaintiff, and further contends that, for any purpose other than settlement, Plaintiff's claims are not appropriate for class or representative action treatment.

The Parties engaged in formal and informal discovery, which facilitated an understanding of the nature, strengths, and weaknesses of the allegations and the scope of potential liability. On November 23, 2021, the Parties participated in a formal, full-day mediation conducted by Jeffrey Krivis, Esq. of First Mediation Corporation ("Mediator"). After a full-day mediation, the Parties reached a settlement, as provided in the Settlement Agreement and herein, to settle Plaintiff's

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

claims on a class-wide and representative basis.

## III.    SUMMARY OF THE SETTLEMENT TERMS

### A.    The Class for Settlement Purposes

For settlement purposes only, the Parties agree to class action certification of the following Class consisting of approximately three hundred and ninety-three (393) individuals:

> All current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the period from June 9, 2017 through the Preliminary Approval Date ("Class" or "Class Members").  Agreement, ¶¶ 2.35 & 2.38.

As discussed in § VIII, *infra*, class certification is appropriate with respect to the Settlement and resolution of the Released Claims.[2]

### B.    Essential Terms of the Settlement

The Settlement provides for a Gross Settlement Amount of One Million One Hundred Fifty Thousand Dollars ($1,150,000.00).  Agreement, ¶ 2.5.  The Settlement provides that to the extent the number of Workweeks, for the period of June 9, 2017 to November 1, 2021, increases beyond 34,932 by more than 10% (i.e., the Workweeks for the period referenced are actually more than 38,425), then the Gross Settlement Amount will increase on a proportional basis to the extent the threshold is exceeded.  Agreement, ¶ 5.2.  For example, if the number of Workweeks for the period of June 9, 2017 to November 1, 2021, increases by 11% to 38,774 Workweeks, the Gross Settlement Amount will increase by one percent (1%).

Under the terms of the Settlement, the Net Settlement Amount is the Gross Settlement Amount less the following amounts subject to approval by the Court: (1) attorneys' fees in the amount of thirty-five percent (35%) of the Gross Settlement Amount (i.e., $402,500.00), and reimbursement of litigation costs and expenses in an amount not to exceed Fifty Thousand Dollars ($50,000.00) to Class Counsel (collectively referred to as the "Attorneys' Fees and Costs"); (2) payment in the

---

[2] *See* Agreement, ¶ 2.28, for the definition of "Released Claims."

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

amount of Seven Thousand Five Hundred Dollars ($7,500.00) to Plaintiff ("Class Representative Service Payment"); (3) settlement administration costs, which are currently estimated not to exceed Fifteen Thousand Dollars ($15,000.00) to the Settlement Administrator ("Notice and Administration Costs"); (4) the amount of Two Hundred Thousand Dollars ($200,000.00) allocated to penalties under the PAGA ("PAGA Allocation"), of which 75% (i.e., $150,000.00) will be distributed to the LWDA ("LWDA Payment") and 25% (i.e., $50,000.00) will be distributed to PAGA Members ("PAGA Member Amount"); and (5) any other fees or expenses incurred in connection with the Settlement as approved by the Court (including, without limitation, taxes on interest, if any, earned by the QSF, but excluding the costs for Defendant to send CAFA Notice). Agreement, ¶¶ 2.3, 2.16, 2.18, 2.21 & 2.40.

Assuming that the amounts allocated under the Settlement toward these payments are awarded in full, the Net Settlement Amount is currently estimated to be Four Hundred Seventy-Five Thousand Dollars ($475,000.00). Takvoryan Decl. ¶ 16. The Net Settlement Amount will be distributed as Individual Settlement Amounts to those Class Members who do not submit a timely Request to Opt Out of the Settlement ("Settlement Class Members"). Agreement, ¶ 5.3.5. Each Settlement Class Member's Individual Settlement Amount will be the *pro rata* share of the Net Settlement Amount allocated to Class Members based on his or her Workweeks during the Class Period. *Id.*, ¶ 5.4. The entire Net Settlement Amount will be distributed to Settlement Class Members.

**C.    Calculation and Range of Individual Settlement Amounts to Settlement Class Members**

The Settlement Administrator will calculate each Settlement Class Member's share of the available Net Settlement Amount ("Individual Settlement Amount"), in accordance with the Settlement Agreement. *Ibid.* Defendant will calculate the number of Workweeks of each Class Member during the Class Period and of each

6

PAGA Member during the PAGA Period.  Agreement, ¶¶ 5.4.1 & 6.1.1.  The Settlement Administrator will divide the Net Settlement Amount by the total number of Workweeks worked by all Settlement Class Members during the Class Period, in order to establish the "Workweek Value." *Id.*, ¶ 5.4.2.  Each Settlement Class Member's Individual Settlement Amount will then be determined by multiplying each individual Settlement Class Member's total Workweeks during the Class Period by the Workweek Value.  *Ibid.*  Individual Settlement Amounts will be allocated as twenty percent (20%) wages to be reported on IRS Form W-2, and eighty percent (80%) interest, penalties, and non-wage damages to be reported on IRS Form 1099. *Id.*, ¶ 5.5.  The Individual Settlement Amount will be reduced for the employee's share of tax withholdings and payroll deductions on the wages portion.  *Ibid*. Defendant agrees to pay the employer's share of payroll taxes on the Individual Settlement Amount separately and in addition to the Gross Settlement Amount.  *Id.*, ¶¶ 2.5 & 2.10.

### D.   Settlement Opt-Out and Objection Procedures

Class Members who wish to be excluded from the Settlement (i.e., opt out) must submit a timely and valid request for exclusion ("Request to Opt Out") to the Settlement Administrator. Agreement, ¶ 8.  To be timely, the Class Member must mail a written Request to Opt Out to the Settlement Administrator, postmarked no later than the date which is forty-five (45) calendar days from the initial mailing of the Class Notice to Class Members ("Response Deadline"), or, in the case of a re-mailed Class Notice, the Response Deadline will be extended by fifteen (15) days. *Id*., ¶¶ 6.1.3 & 8.1.  A Request to Opt Out must: (1) contain the words "I wish to be excluded from the Settlement in Enma Sagastume v. Psychemedics" or similar language; (2) contain the Class Member's name and other information to confirm employment at Psychemedics and other requirements for membership in the Class; and (3) be signed and dated. *Id*., ¶ 8.1.  Any Class Member who submits a timely and valid Request to Opt Out will not be bound by the terms of the Settlement.  *Ibid*.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Only Class Members who do not exclude themselves from the Settlement (i.e., Settlement Class Members) have standing to object to the Settlement. *Id.*, ¶ 9.1. Settlement Class Members who wish to object to the Settlement must submit to the Settlement Administrator or the Court a valid objection, in conformity with the requirements set forth in the Class Notice, postmarked no later than the Response Deadline. *Ibid.* To be considered valid, an objection must: (1) be from a Class Member; (2) be in writing and contain the words "I object to the Settlement in Enma Sagastume v. Psychemedics," or similar language; (3) include the objector's name, address, and other information necessary to confirm employment at Psychemedics and other requirements for membership in the Class; and (4) be signed and dated. *Ibid.*

### E.   Scope of the Class Release

The Released Claims that are the subject of the Settlement are:

> any and all rights, demands, charges, complaints, causes of action, obligations, damages, penalties, debts, costs and expenses (other than those payments, costs, and expenses required to be paid pursuant to this Agreement), liens, or liabilities of any and every kind, that were asserted in the Action, or that could have been asserted but were not asserted in the Action, that arise out of facts and legal theories contained in the Operative Complaint, including the following claims for relief:  (a) failure to pay all regular wages, minimum wages and overtime wages due; (b) failure to properly calculate the regular rate of pay for payment of overtime wages; (c) failure to provide proper meal periods, and to properly provide premium pay in lieu thereof; (d) failure to provide proper rest periods, and to properly provide premium pay in lieu thereof; (e) failure to pay all wages timely during employment; (f) failure to pay all wages timely at the time of termination/resignation; (g) failure to reimburse business expenses; (h) any other claims or penalties under the wage and hour laws pleaded in the Action; (i) all claims under the California Labor Code Private Attorneys General Act of 2004 that could have been premised on the claims, causes of action or legal theories described above or any of the claims, causes of action or legal theories of relief pleaded in the Operative Complaint; and (j) all damages, penalties, interest and other amounts recoverable under said claims, causes of action or legal theories of relief. Agreement, ¶ 2.28.

Effective upon final approval by the Court of the Settlement and full funding of the Gross Settlement Amount by Defendant, Plaintiff and all Settlement Class

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

8

Members will release, acquit, and forever discharge all of the Releasees[3] of and from the Released Claims. *Id.*, ¶ 13.1.

## IV.    THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT

Class action settlements require approval by the court. Fed. R. Civ. Proc. 23(e). Although judicial policy favors settlement of class actions, *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992), the decision to approve or reject a settlement is within the trial court's discretion, and that decision may be reversed only upon a strong showing of "clear abuse of discretion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Class Plaintiffs*, 955 F.2d at 1276.

A settlement should be approved if it is "fundamentally fair, adequate, and reasonable." *Hanlon*, 150 F.3d at 1026; Fed. R. Civ. P. 23(e). In approving a class action settlement, courts engage in a two-step process: (1) preliminary approval of the settlement; and (2) a later detailed review after notice is given to class members, to determine whether final approval is appropriate. *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the preliminary approval stage, courts must approve a class action settlement "if it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

In evaluating the fairness of the class action settlement, courts should give "proper deference to the private consensual decision of the parties." *Hanlon*, 150 F.3d at 1027. Courts need only ensure that the settlement is not a product of "fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Id.*

///

---

[3] *See* Agreement, ¶ 2.29, for the definition of the "Releasees."

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## V.    **THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED**

Preliminary approval is appropriate if the settlement is "potentially fair," *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007), and has no "glaring deficiencies" that would make it clear that a final approval hearing is not warranted. *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 478 (E.D. Cal. Mar. 4, 2010). As discussed below, the Settlement resulted from hard-fought litigation and extensive negotiations, and is fair and reasonable. Therefore, the Settlement should be preliminarily approved.

### A.    The Settlement Resulted from Arm's Length Negotiations and Extensive Investigation and Discovery

An initial presumption of fairness exists "if the settlement is recommended by Class Counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted). Courts give great weight to such recommendation, as class counsel are most familiar with the issues underlying the case. *Nat'l Rural*, 221 F.R.D. at 528.

Here, the Parties actively litigated this case since the Action was commenced on June 9, 2020.  Class Counsel conducted a thorough investigation into the facts of the case, including, *inter alia*, interviewing Plaintiff and diligently investigating the allegations in this lawsuit. Takvoryan Decl., ¶¶ 10-13. Class Counsel reviewed a large volume of data and documents, including, but not limited to: employment records of Plaintiff and other Class Members (such as Notices to Employee as to Change in Relationship, application for employment, Employee Status Sheets, and pay summaries), HR documents (such as Form I-9, Equal Employment Opportunity Data, W-4 Form, Employee file checklist, Birth Certificate, California Driver's License, Social Security Card, and Hair analysis drug test results), Facility emergency list, Employee Handbook (including appendices and notifications of employee handbook changes), policy acknowledgements (such as Employee confidentiality agreements, Receipt and acknowledgement of code of ethics and

10

conduct, receipt and acknowledgement of Employee handbook, and acknowledgement of Defendant's drug test program), Information technology user access, internal memoranda, job descriptions, Documentation Checklist for New Hires, forms (such as Forensic drug testing custody and control form, Emergency contact information form, Safety for all employees – test form, Hepatitis B form, Personal physician designation form, Daily Time Log for Non-exempt Employees, Authorization for Release of Information, and Overtime Log), procedures (such as Time Clock procedure), and policies (such as Code of Ethics and Conduct and Meal Period and Rest Break policy), among other information and documents. *Id.*, ¶ 14. Class Counsel also drafted Plaintiff's mediation brief and prepared for and attended court proceedings, settlement negotiations, and the mediation, among other tasks. In addition, this matter involved significant motion practice, including a motion to remand, a motion to dismiss the First Amended Complaint, and a motion to dismiss the Second Amended Complaint.

The data and documents produced in this matter enabled Class Counsel to prepare damages/valuation models in preparation for the mediation, to determine the potential value and strength of the claims, and to estimate the potential recovery for the class and PAGA claims. *See id*., ¶ 21.

The Parties reached the Settlement after reviewing all available evidence, arm's-length bargaining, and participating in mediation conducted by Jeffrey Krivis, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters. *Id.*, ¶ 12. During mediation, the Parties exchanged information and discussed various aspects of the case, including and not limited to, Plaintiff's claims, the risks and delays of further litigation and of proceeding with class certification or representative adjudication, the law relating to off-the-clock work, meal and rest periods, PAGA claims, wage-and-hour enforcement, the evidence produced and

///

///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

analyzed, the possibility of appeals, and the risks to recovery.[4] *Id*. ¶ 12.

While the Parties disagree over the merits and certifiability of Plaintiff's claims, Plaintiff and Class Counsel agree that the Settlement is fair, reasonable, adequate, and in the best interest of the Class and State of California, in light of all known facts and circumstances. *Id*., ¶¶ 12, 15 & 26.

### B.    The Settlement Is Fair, Reasonable, and Adequate

The Settlement, which provides for a Gross Settlement Amount of One Million One Hundred Fifty Thousand Dollars ($1,150,000.00), represents a fair, reasonable, and adequate resolution of the Action. Under the Settlement, the entire Net Settlement Amount will be distributed to Settlement Class Members and the entire LWDA Payment will be distributed to the LWDA. The amount of the Settlement is reasonable considering the risks relating to certification, trial, potential appeals, and recovering monetary relief. Takvoryan Decl., ¶¶ 12, 23 & 26. Additionally, the Settlement guarantees a certain monetary recovery to Settlement Class Members and the State of California in a reasonably short period of time, as opposed to waiting additional years for the same or possibly no recovery if this matter were to proceed to trial.

The Settlement was calculated using data and information uncovered through significant case investigation and informal exchange of information in the context of mediation and settlement negotiations. *Id.*, ¶¶ 11-15. Prior to reaching the Settlement, Class Counsel conducted extensive investigation into the claims. *Id.*, ¶¶ 12, 20 & 23. The data and information obtained enabled Class Counsel to calculate the value of the claims and the monetary recovery that could potentially be obtained, and permitted a comprehensive understanding of Defendant's employment policies, practices, and

---

[4] *See Hanlon*, 150 F.3d at 1027 (affirming approval of settlement after finding "no evidence to suggest that the settlement was negotiated in haste or in the absence of information illuminating the value of plaintiffs' claims"); *see also Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (stating that participation in private mediation "tends to support the conclusion that the settlement process was not collusive").

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

procedures. *Id.*, ¶ 13. This information proved invaluable in negotiating a settlement amount that fairly compensates the Class Members and the State of California. *Id.*

The Parties have also considered the potential risks and rewards inherent in any case and, in particular, with this case. *Id.*, ¶¶ 12-13. Prior to the mediation, Class Counsel performed a damages and penalties analysis and valuation based on time and pay data and information provided by Defendant. *Id.*, ¶ 23.

Plaintiff faces numerous risks in continued litigation, including and not limited to, bifurcation of discovery and/or trial, a denial of class certification, class de-certification after certification, adverse findings regarding liability, adverse findings regarding damages and penalties (including and not limited to, court discretion to reduce civil penalties), potential appeals, and uncertainty in collecting on any judgment. *See Id.*, ¶¶ 12, 13 & 23. Plaintiff faces the real possibility that, if there is a recovery against Defendant after years of litigation and a lengthy and costly trial, the amount may be much less than the amount negotiated in this Settlement. *See Id.*, ¶¶.

### 1.    The Settlement Fairly Allocates and Distributes Payment

There is no reason to doubt the fairness of the proposed plan of allocation of the settlement funds for purposes of preliminary approval. Even at the *final* approval stage: "an allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014); *see Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002).

Here, the Settlement is fair because it poses no risk of unequal treatment of any Class Member. Individual Settlement Amounts will be calculated on a *pro rata* basis, based upon the number of each Settlement Class Member's Workweeks during the Class Period. Agreement, ¶ 5.4. Furthermore, the State of California will be issued payment of its 75% share of the amount allocated toward PAGA penalties, in conformity with PAGA. Cal. Lab. Code § 2699(i). Considering the facts in the case, the amount of the Settlement represents a fair, reasonable, and adequate recovery for

the Class Members and the State of California. Takvoryan Decl., ¶ 26.

## 2.    The Settlement Is Within the Range of Possible Approval

The Settlement, which provides for a Gross Settlement Amount of One Million One Hundred Fifty Thousand Dollars ($1,150,000.00), provides substantial monetary recovery to Settlement Class Members and the State of California, and is fair, reasonable, and adequate in light of the value of the claims and the significant risks of continued litigation. Similarly, all of the other Settlement terms for which Plaintiff requests approval and/or preliminary approval fall within the range of reasonableness.

## VI.    APPOINTMENT OF CLASS REPRESENTATIVE AND CONTEMPLATED SERVICE PAYMENT

Plaintiff has spent considerable time and effort to produce relevant documents and past employment records and provided the facts and evidence necessary to attempt to support the allegations. Takvoryan Decl., ¶ 25; Sagastume Decl., ¶¶ 2-6. Plaintiff was available whenever counsel needed her and tried to obtain documents and information that would facilitate the prosecution of the matter. *Id.* In addition, she sat for a deposition in this matter. Accordingly, it is appropriate for Plaintiff to be appointed as the representative of the Class.

Furthermore, it is appropriate and just for Plaintiff to receive a reasonable Class Representative Service Payment for her services in the Action.  Subject to approval by the Court, Plaintiff will receive a Class Representative Service Payment of up to $7,500. The Class Representative Service Payment will be paid in addition to Plaintiff's Individual Settlement Amount.

The trial court has discretion to award incentives to the class representative.[5]

---

[5] In assessing the reasonableness of an incentive award, several district courts in the Ninth Circuit have considered the factors set forth in *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995): (1) the risk to the class representative in commencing a class action; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *See, e.g., In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014); *Covillo v. Specialty's Café*, No. C-11-00594

*(Footnote continued)*

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

14

*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). Courts routinely approve service/enhancement awards to class representatives for their time and efforts, and the risks they undertake on behalf of the class. *See, e.g.*, *Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003) (discussing cases approving service awards in the range of $2,000 to $25,000). "Enhancement awards are particularly appropriate in wage-and-hour actions" because named plaintiffs bear "a significant reputational risk for bringing suit against their former employers." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) (quotation marks omitted).

## VII.  APPOINTMENT OF CLASS COUNSEL AND CONTEMPLATED ATTORNEYS' FEES AND COSTS

Class Counsel meet the requirements under Federal Rule of Civil Procedure 23(g). Class Counsel conducted extensive research, investigation, discovery, litigation, and analysis of the potential value of the claims. Takvoryan Decl., ¶ 23; *see* §§ II and V.A *infra*. Additionally, Class Counsel are highly experienced in wage-and-hour litigation and class action cases. Takvoryan Decl., ¶ 7. Class Counsel have committed and continue to commit significant financial and staffing resources to representation in this matter. Takvoryan Decl. ¶ 10-15. As such, it is appropriate to appoint Lawyers *for* Justice to represent the Class.

The Settlement establishes a Gross Settlement Amount of $800,000.00 and provides for Class Counsel to apply for attorneys' fees in an amount of up to 35% of the Gross Settlement Amount and reimbursement of litigation costs and expenses related to the Action. Agreement, ¶¶ 2.3 & 5.3.1. Class Counsel will file an appropriate motion or application in advance of the Final Approval Hearing pursuant to Rule 23(h), requesting an award of attorneys' fees and reimbursement of litigation costs and expenses, and submit evidence and documents to demonstrate the work

DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014); *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014).

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

performed and expenses incurred in this matter.

In reviewing a fee award request, courts consider the following factors: (1) the results achieved; (2) whether there are benefits to the class beyond the immediate generation of a cash fund; (3) the risks of litigation; (4) the skill required of counsel and quality of the work performed; (5) the contingent nature of the fee and the foregoing by counsel of other work; and (6) the reactions of the class. *Vizcaino*, 290 F.3d at 1048-50; *In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013). Of these factors, the most significant factor is the "degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

The goal is to award "reasonable compensation for creating a common fund." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). District courts usually award attorneys' fees in the 30-40% range in wage-and-hour class actions that result in recovery of a common fund under $10 million. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (citing recent wage-and-hour class actions where district courts approved attorneys' fee awards ranging from 30-33%); *Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010) (approving attorneys' fees of one-third of the common fund and holding that the award was similar to awards in other wage-and-hour class actions where fees ranged from 30.3-40%); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) (recognizing that "fee awards in class actions average around one-third" of the settlement).

Here, the attorneys' fees award provided for by the Settlement is reasonable, particularly in light of the time and effort expended by Class Counsel. Class Counsel litigated this case for over two years, with the possibility of an unsuccessful outcome and no fee recovery of any kind. Takvoryan Decl., ¶¶ 10-15. The ongoing work has been demanding and ultimately successful in achieving a substantial settlement. Given the strengths and weaknesses of the claims and the risk and expense of further litigation, Class Counsel have achieved an excellent result on behalf of the Class and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

the State of California. Considering the amount of attorneys' fees to be requested, the work performed, and the risks incurred, the allocations for attorneys' fees and costs provided by the Settlement are reasonable and should be approved. *See Vizcaino*, 290 F.3d at 1051.

## VIII. CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23

Class certification under Rule 23(a) is appropriate where the plaintiff demonstrates the four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation), and one of the three requirements of Rule 23(b). *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). The proposed Class meets all of these requirements.

### A.    Numerosity

A class is sufficiently numerous if it is "so large that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A reasonable estimate of the number of purported class members is sufficient to meet the numerosity requirement." *In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992).

The proposed Class consists of approximately three hundred and ninety-three (393) individuals. Takvoryan Decl., ¶ 9. The proposed Class is sufficiently numerous, and joinder of all Class Members would be impractical. *See Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617 (C.D. Cal. 2008), *rev'd on other grounds*, 666 F.581, 593 (9th Cir. 2012) ("As a general rule, classes of forty or more are considered sufficiently numerous.").

### B.    Commonality

A class has sufficient commonality "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). An affirmative showing of at least one question of law or fact satisfies this requirement.[6] Commonality has been

---

[6] *Dukes v. Wal–Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011); *see also Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule.").

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

found to exist when there is a common legal issue stemming from divergent factual predicates or a common nucleus of facts leading to different legal remedies. *Hanlon*, 150 F.3d at 1019.

Courts generally find commonality where "the lawsuit challenges a system-wide practice or policy that affects all of the putative class members[]" and divergent ways in which these practices affect individual Class Members, if any, do not undermine the finding of commonality.[7] Here, the Class Members seek remedies under wage-and-hour laws for violations arising from common, uniform, and systematic practices which applied to all Class Members during the Class Period. *See* e.g., Takvoryan Decl., ¶¶ 11-13, 15, & 20. Accordingly, the commonality requirement is satisfied for settlement purposes.

## C.    Typicality

The typicality requirement is satisfied where "the cause of the injury is the same," as here, and the injury claimed by the named plaintiffs are "similar" to that of unnamed class members. *Armstrong*, 275 F.3d at 868-69. They need not be "identical." *Id.* at 869. Here, Plaintiff's claims are typical of those of the Class Members, though some factual differences may exist among them, as the claims arise from the same events or course of conduct and are based upon the same legal theories. Plaintiff worked as a non-exempt employee for Defendant. Sagastume Decl., ¶ 2. The typicality requirement is satisfied for settlement purposes as Plaintiff's claims arise from the same factual basis and are based on the same legal theories as those applicable to all other Class Members. *Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).

///

///

---

[7] *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005); *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### D.   Adequacy of Representation

Rule 23(a)(4) requires that (1) a class representative fairly and adequately protect the interests of the class, and (2) class counsel be qualified and competent to conduct the litigation. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 462 (9th Cir. 2000). The requirement "tends to merge with the commonality and typicality criteria of Rule 23(a)."[8] The inquiry turns on whether "the named plaintiffs and their counsel have any conflicts of interest with other class members" and "whether the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020.

Plaintiff's interests align with those of other Class Members, as all of them were employed by Defendant within the State of California. Sagastume Decl., ¶ 2. Plaintiff's claims are typical of those of Class Members, which are confined to a limited group of similarly situated employees during the Class Period. Class Counsel is highly experienced in employment class action and complex wage-and-hour litigation, having handled hundreds of cases before and having been appointed Class Counsel in hundreds of other cases. Takvoryan Decl., ¶ 7. Plaintiff contends that Class Counsel's experience in litigating similar matters was integral to obtaining the Settlement.  See also § VII, *infra.*

### E.   Predominance and Superiority

The proposed Class meets the requirements of Rule 23(b)(3) for settlement purposes because (1) common questions predominate over questions that affect individual members; and (2) class resolution is superior to other available means of adjudication. When assessing predominance and superiority, a court may consider that the proposed class will be certified for settlement purposes only. *See Amchem Prods.,* 521 U.S. at 618-20. Where the matter is being settled, a showing of manageability at trial is unnecessary. *Id.* at 620. At this stage, the relevant inquiry is

---

[8] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997); *see also Manual for Complex Litig., Fourth* § 21.132 ("a settlement class must be cohesive").

19

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

"whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 618-20, 623; *see Hanlon*, 150 F.3d at 1022.

Here, the Class is sufficiently cohesive to warrant certification. For settlement purposes, common questions of fact and law affecting Class Members predominate over any questions that may affect only individual members. For example, Defendant's alleged failures to properly pay Class Members for all hours worked and provide compliant meal and rest periods are alleged to arise from Defendant's uniform policies, practices, and procedures. As such, the questions of fact and law relating to these issues predominate for settlement purposes. *See* Takvoryan Decl., ¶ 20.

Moreover, a class resolution is superior to other available means for the fair and efficient adjudication of the controversy. *See Hanlon*, 150 F.3d at 1023. The superiority requirement involves a "comparative evaluation of alternative mechanism of dispute resolution." *Id.* Here, the alternative method of resolution is individual claims, subject to proof, for relatively small amounts of damages, which would be uneconomical for potential plaintiffs. *Id.* Therefore, a class resolution is superior to any other available methods.

## IX.    <u>ADEQUACY OF THE METHOD OF NOTICE</u>

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon,* 150 F.3d at 1025. A class notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). A class notice is adequate if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The notice must also be "neutral and objective in tone, and should neither promote nor discourage the assertion of claims." *Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Here, the proposed Class Notice provides the best notice practicable and is adequate. It provides information on, *inter alia*, the nature of the Action, a summary of the terms of the Settlement, the definition of the Class, a statement that the Court has preliminarily approved the Settlement; the nature and scope of the claims being released, and how each Class Member's Individual Settlement Amount is calculated, and the number of Workweeks credited to them. The Class Notice summarizes the proceedings and provides the date, time, and place of the Final Approval Hearing, and all of this information is "clearly and concisely state[d] in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B).

The Class Notice also fulfills the requirement of neutrality in class and collective notices. The Class Notice provides a brief, neutral explanation of the case from the perspective of both Parties and recognizes that the Court has not yet granted final approval of the Settlement.[9] The Class Notice sets forth the procedures and deadlines governing the submission of Requests to Opt Out, objections to the Settlement, and disputes regarding the number of Workweeks credited to Class Members. The proposed Class Notice satisfies all due process requirements and complies with the standards of fairness, completeness, and neutrality. Accordingly, the Court should approve the proposed Class Notice.

All Class Members can and will be identified by Defendant through a review of their business records. After receiving the data from Defendant regarding each Class Member, the Settlement Administrator will mail a Class Notice to each of them. Agreement, ¶ 6.[10] Accordingly, the proposed Class Notice is adequate and is the best notice practicable under Rule 23(c)(2)(B).

///

---

[9] *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("[C]ourts must be scrupulous to respect judicial neutrality" in overseeing the class action notice process and "avoid even the appearance of judicial endorsement of the merits of the action[.]").

[10] *See Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974) (Individual notice by mail "is clearly the 'best notice practicable' within the meaning of Rule 23(c)(2)" where "all class members [] can be identified with reasonable effort").

## X. APPOINTMENT OF THE SETTLEMENT ADMINISTRATOR AND CONTEMPLATED SETTLEMENT ADMINISTRATOR COSTS

The Parties have selected Simpluris, Inc. ("Simpluris" or "Settlement Administrator") as the Settlement Administrator to handle the notice and administration of the Settlement. Simpluris will distribute and respond to inquiries about the Class Notice; determine the timeliness, validity, and/or completion of any Requests to Opt Out, objections to the Settlement, and/or Workweek disputes; calculate Individual Settlement Amounts; and calculate all amounts to be paid from the Net Settlement Amount. Agreement, ¶¶ 5, 6, 8, 9, 10, 11, & 12.

Settlement Administrator Costs are currently estimated not to exceed $15,000 and will be paid out of the Gross Settlement Amount. Plaintiff respectfully requests that the Court appoint Simpluris as the Settlement Administrator and direct distribution of the Class Notice in the manner, and based on the proposed deadlines, set forth in the Settlement Agreement and Section XI, below.

## XI. DEADLINES FOR NOTICE AND ADMINISTRATION

The Court is respectfully requested to approve the proposed deadlines for the notice and settlement administration process. Within thirty (30) calendar days of the date on which the Court enters an order granting preliminary approval of the Settlement, or on another date set by the Court, Psychemedics shall provide the Settlement Administrator with the Class List in the form of an Excel chart listing the names, last known addresses and telephone numbers of the Class Members and PAGA Members, as well as the total number of Workweeks worked by each Class Member during the Class Period, and the total number of Workweeks worked by each PAGA Member during the PAGA Period as that information exists in Defendant's records. *Id.*, ¶ 6.1.1. On request of the Settlement Administrator, Defendant will separately provide Social Security Numbers to the Settlement Administrator only to the extent needed for purposes of notice and administration, such as to locate updated addresses for Class Notices that are returned as

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

22

undeliverable and to process settlement payments to Settlement Class Members.
*Ibid.*

Within twenty (20) calendar days of the date on which the Settlement
Administrator receives the Class List from Defendant, using the data provided by
Defendant in the Class List, the Settlement Administrator will send the Class Notice
to each Class Member. Agreement, ¶ 6.1.2. Prior to mailing the Class Notice, the
Settlement Administrator shall attempt to confirm the accuracy of the addresses
through the United States Post Office's National Change of Address database and
shall mail the Class Notice to any updated address obtained therefrom. *Ibid.*

If any Class Notice is returned as undeliverable, the Settlement Administrator
shall promptly attempt to locate such Class Member through an electronic search
using the Social Security number and/or former address of that person and shall
promptly mail an additional Class Notice to each such person within five (5) days.
*Id.*, ¶ 6.1.4.

Requests to Opt Out, Workweeks disputes, and objections to the Settlement
must be mailed to Simpluris, post-marked by the Response Deadline. *Id.*, ¶¶ 8, 9, &
10.

All Individual Settlement Payment checks will remain valid and negotiable for
ninety (90) days from the date of their issuance. Agreement, ¶ 11.3. Thirty (30) days
prior to the close of the ninety (90) day period, the Settlement Administrator will
send a reminder postcard to those Settlement Class Members who have not cashed
their settlement checks. *Id.*, ¶ 11.4. After the 90-day check-cashing deadline, the
attorneys for the Parties shall file a stipulation to amend the judgment, in accordance
with California Code of Civil Procedure section 384(b), that sets forth the total
amount paid to Settlement Class Members and the amount of unpaid residue, plus
any interest that has accrued on such funds in the account established by the
Settlement Administrator, to be paid to a *cy pres*. *Ibid.*

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## XII. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant preliminary approval of the Settlement; certify the proposed Class for settlement purposes; appoint Plaintiff as the Class Representative; appoint Edwin Aiwazian, Arby Aiwazian, Joanna Ghosh, and Ovsanna Takvoryan of Lawyers *for* Justice, PC as Class Counsel; preliminarily approve the allocations for Attorneys' Fees and Costs, Class Representative Service Payment, Notice and Administration Costs, and PAGA Allocation; appoint Simpluris as Settlement Administrator; approve and direct the mailing of the Class Notice to the Class Members; and schedule a Final Approval Hearing in approximately six months after the Court grants preliminary approval.

Dated: November 18, 2022          **LAWYERS *for* JUSTICE, PC**

By:  /s/ Ovsanna Takvoryan
     Ovsanna Takvoryan
     *Attorneys for* Plaintiff Enma Sagastume

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203