Edwin Aiwazian (Cal. State Bar No. 232943)
Arby Aiwazian (Cal. State Bar No. 269827)
Joanna Ghosh (Cal. State Bar No. 272479)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff and the Class

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENMA SAGASTUME, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, | Case No.: 2:20-cv-06624-DSF-GJS <br><br> Honorable Dale S. Fischer <br> Courtroom 8A |
| Plaintiff, | **CLASS ACTION** |
| vs. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| PSYCHEMEDICS CORPORATION, an unknown business entity; and DOES 1 through 100, inclusive, | |
| Defendant. | [Notice of Motion and Motion for Attorneys' Fees, Costs, and Class Representative Service Payment; Declaration of Class Counsel (Edwin Aiwazian); Declaration of Class Representative (Enma Sagastume); Declaration of Settlement Administrator (Desirae Burton); [Proposed] Order Awarding Attorneys' Fees, Costs, and Class Representative Service Payment; and [Proposed] Order Granting Final Approval of Class Action and PAGA Settlement and Judgment filed concurrently herewith] |

Date:               September 11, 2023
Time:               1:30 p.m.
Courtroom:      7D

Complaint Filed:   June 9, 2020
FAC Filed:          October 15, 2020
SAC Filed           December 30, 2020
FAC Filed:          October 6, 2022
Trial Date:          None Set

*Sidebar (left margin):* **LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    **PLEASE TAKE NOTICE** that on September 11, 2023, at 1:30 p.m., or as

2 soon thereafter as this matter may be heard before the Honorable Dale S. Fischer, in

3 Courtroom 7D of the United States District Court for the Central District of

4 California, located at First Street Courthouse, 350 West First Street, Los Angeles,

5 California 90012, Plaintiff Enma Sagastume ("Plaintiff" or "Class Representative")

6 will and hereby does move for an order granting final approval of:

7    1.    The proposed class action settlement described herein and as set forth in

8 the parties' Amended Joint Stipulation of Class Action and PAGA Settlement

9 ("Settlement," "Agreement," or "Settlement Agreement") on the grounds that the

10 Settlement is fair, adequate, and reasonable because:

11 • A Net Settlement Amount of approximately **$509,759.13** will be fully

12    distributed to the Class Members who do not submit a timely and valid

13    Request to Opt Out ("Settlement Class Member");

14 • **No Objections** were submitted to the settlement administrator, Simpluris,

15    Inc. ("Settlement Administrator" or "Simpluris");

16 • Only **Three (3) Requests to Opt Out** were submitted to the Settlement

17    Administrator;

18    2.    Payment in the amount of **$12,500.00** to the Settlement Administrator,

19 Simpluris, for Notice and Administration Costs;

20    3.    Allocation for the penalties under the California Labor Code Private

21 Attorneys General Act of 2004, Labor Code section 2698, et seq. ("PAGA"), in the

22 amount of $200,000.00, of which seventy-five percent (75%), or **$150,000.00**, will

23 be paid to the California Labor and Workforce Development Agency ("LWDA

24 Payment"), and twenty-five percent (25%), or **$50,000.00**, will be distributed to

25 PAGA Members on a *pro rata* basis based on the total number of Workweeks

26 worked by each PAGA Member during the PAGA Period.

27    This motion is based upon the following Memorandum of Points and

28 Authorities and the Declaration of Settlement Administrator (Desirae Burton of

Simpluris) in support thereof; as well as the concurrently-filed Notice of Motion and Motion for Attorneys' Fees, Costs, and Class Representative Service Payment, and the Declarations of Class Counsel (Edwin Aiwazian) and Class Representative (Enma Sagastume) in support thereof; the pleadings and other records on file with the Court in this matter; and such evidence and oral argument as may be presented at the hearing on this Motion.

Dated: August 14, 2023                    **LAWYERS** *for* **JUSTICE, PC**


By:     */s/ Joanna Ghosh*
_____
Joanna Ghosh
*Attorneys for* Plaintiff and the Class

# TABLE OF CONTENTS

I.    SUMMARY OF MOTION ...................................................................... 1

II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND .............................. 2

III.    SUMMARY OF THE SETTLEMENT TERMS AND PLAN OF DISTRIBUTION. 5

IV.    THE SETTLEMENT ADMINISTRATION PROCESS ................................. 8

V.    THE COURT SHOULD GRANT FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT ................................................................................ 10

    A.    The Settlement Resulted from Arm's-Length Negotiations Based Upon Extensive Investigation and Discovery. .......................................... 11

    B.    The Risks Inherent in Continued Litigation Favor Final Approval of the Settlement. ............................................................................ 14

    C.    The Settlement Is Fair, Reasonable, and Adequate. ..................... 16

    D.    The Class Was Represented by Competent Counsel. .................... 17

    E.    There Are No Objections to the Settlement. ................................ 17

VI.    THE SETTLEMENT ADMINISTRATOR COSTS ARE FAIR AND REASONABLE AND SHOULD BE APPROVED. ................................................ 18

VII.    CONCLUSION ............................................................................... 19

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

# TABLE OF AUTHORITIES

**Cases**

*7-Eleven Owners for Fair Franchising v. Southland Corp.* (2000) 85 Cal.App.4th 1135...... 10, 18

*Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43 ............................................................. 10, 11

*Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794.......................................................... 10, 18

*In re American Bank Note Holographics, Inc., Securities Litigation* (S.D.N.Y. 2001) 127

  F.Supp.2d 418 ..................................................................................................................... 17

*Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224...................................... 10, 11, 178

**Other Authorities**

Conte & Newberg, *Newberg on Class Actions* (4th Ed., 2002) § 11.47 ...................................... 17

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF MOTION

Plaintiff Enma Sagastume ("Plaintiff") seeks final approval of the Amended Joint Stipulation of Class Action and PAGA Settlement ("Settlement," "Agreement," or "Settlement Agreement"), entered into by and between Plaintiff and Defendant Psychemedics Corporation ("Defendant") (collectively with Plaintiff, the "Parties").[1]

The Settlement provides for a Gross Settlement Amount of $1,150,000.00 and seeks relief on behalf of the following Class:

> All current and former hourly-paid or non-exempt employees of Psychemedics working in California during the Class Period ("Class" or "Class Members"). Settlement Agreement, ¶ 2.37.

Plaintiff moves for final approval of all payments allocated and provided for by the Settlement, to be paid from the Gross Settlement Amount, including and not limited to, Class Representative Service Payment in the amount of $7,500.00 to Plaintiff, attorneys' fees in the amount of $402,500.00, which is thirty-five percent (35%) of the Gross Settlement Amount, and reimbursement of litigation costs and expenses in the amount of $17,740.87 (together "Attorneys' Fees and Costs")[2] to Lawyers *for* Justice, PC, Notice and Administration Costs in the amount of $12,500.00 to Simpluris, Inc. ("Simpluris" or "Settlement Administrator"), and $200,000.00 allocated to penalties under the Private Attorneys General Act  ("PAGA Allocation"), of which $150,000.00 will be paid to the California Labor and Workforce Development Agency ("LWDA") for its portion of the PAGA Allocation ("LWDA Payment"), and $50,000.00 will be distributed to all current and former hourly-paid or non-exempt employees of Psychemedics working in California during the PAGA Period ("PAGA

---

[1] A copy of the fully-executed Settlement Agreement is attached as "EXHIBIT 1" to the Supplemental Declaration of Ovsanna Takvoryan in Support of Plaintiff's Motion for Preliminary Approval of Class Action and PAGA Settlement ("Takvoryan Decl.") (Docket No. 78-2).

[2] In the interest of judicial efficiency, and in support of the allocations and requests for the Attorneys' Fees and Costs and Class Representative Service Payment, Plaintiff respectfully refers the Court to Plaintiff's Motion for Attorneys' Fees, Costs, and Class Representative Service Payment, and papers in support thereof, filed concurrently herewith, on August 14, 2023.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Members") on a *pro rata* basis based on the total number of Workweeks worked by each PAGA Member during the period from September 8, 2020 through the date of preliminary approval ("PAGA Period"). Settlement Agreement, ¶¶ 2.23, 2.24, 5.3.1, 5.3.2, 5.3.3, and 5.3.4. The Net Settlement Amount is the amount that will be available for distribution to Class Members who do not submit a timely Request to Opt Out ("Settlement Class Members"). Settlement Agreement, ¶ 5.3.5.

The Settlement is fair, adequate, and reasonable, and is the product of arm's-length, good-faith negotiations by experienced counsel, presided over by a highly-regarded mediator who is experienced in mediating wage-and-hour class action lawsuits. Most importantly, as of the date of this Motion, *not a single Class Member has objected to any aspect of the Settlement, including the requested Attorneys' Fees and Costs, Class Representative Service Payment, Notice and Administration Costs, or allocation for PAGA Allocation.*

Accordingly, the Court should grant final approval of the Settlement, and all payments allocated and provided for by the Settlement Agreement, including and not limited to the Notice and Administration Costs and the PAGA Allocation.

## II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Defendant is a publicly traded company that provides for drug testing through a patented process using hair samples. Plaintiff Enma Sagastume was employed by Defendant as an hourly-paid, non-exempt employee from approximately May 2016 to approximately November 2017.

On June 9, 2020, Plaintiff filed a wage and hour putative class action entitled Enma Sagastume v. Psychemedics Corporation in the Superior Court of the State of California, County of Los Angeles, Case No. 20STCV2243 (the "Action"), against Defendant for violations of the California Labor Code and the California Business and Professions Code.

///

///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    On July 24, 2020, Defendant removed the Action to the United States District

2    Court, Central District of California, and the case was assigned case number 2:20-

3    cv06624-DSF-GJS. (Doc. No. 1). On August 25, 2020, Plaintiff filed a Motion to

4    Remand Pursuant to 28 U.S.C. § 1447. (Doc. No. 17). On September 8, 2020,

5    Defendant filed an Opposition to Plaintiff's Motion to Remand. (Doc. No. 18). On

6    September 18, 2020, the Court denied Plaintiff's Motion to Remand. (Doc. No. 21).

7    On October 15, 2020, Plaintiff filed a First Amended Class Action Complaint

8    for Damages, adding additional facts. (Doc. No. 30). On October 29, 2020,

9    Defendant filed a Motion to Dismiss and/or Strike Plaintiff's First Amended

10   Complaint. (Doc. No. 32). On November 30, 2020, the Court denied in part and

11   granted in part Defendant's motion. (Doc. No. 36).

12   On December 30, 2020, Plaintiff filed a Second Amended Class Action

13   Complaint for Damages ("SAC" or "Second Amended Complaint"). (Doc. No. 37).

14   On January 13, 2021, Defendant filed a Motion to Dismiss Plaintiff's Second

15   Amended Complaint. (Doc. No. 38). On February 16, 2021, the Court granted in part

16   and denied in part Defendant's motion. (Doc. No. 41). On March 2, 2021, Defendant

17   filed an Answer to the Second Amended Complaint. (Doc. No. 42).

18   On November 12, 2021, Plaintiff, by online submission to the California

19   Labor & Workforce Development Agency and by U.S. Certified Mail to the

20   Defendant, provided notice of her intent to seek civil penalties for alleged violations

21   of the California Labor Code, under the PAGA (the "PAGA Letter").

22   On October 6, 2022, Plaintiff filed a Third Amended Class Action Complaint

23   for Damages & Enforcement Under the Private Attorneys General Act, California

24   Labor Code § 2698, Et Seq. ("Operative Complaint") to add a cause of action for

25   violations of California Labor Code § 2698, et seq. (California Labor Code Private

26   Attorneys General Act of 2004).

27   ///

28   ///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Plaintiff's core allegations are that Defendant has violated the California Labor Code by, inter alia, failing to properly pay minimum and overtime wages, failing to provide compliant meal and rest periods or pay associated premium payments, failing to timely pay wages upon termination, failing to timely pay wages during employment, failing to provide compliant wage statements, failing to maintain adequate payroll records, and failing to reimburse necessary business-related expenses, and thereby engaged in unfair business practices under the California Business and Professions Code sections 17200, et seq. As a result, Plaintiff contends that she and the Class Members are entitled to, inter alia, unpaid wages, penalties, and attorneys' fees.

Defendant denies any liability or wrongdoing of any kind associated with the claims asserted in the Action, disputes the damages and penalties claimed by Plaintiff, and further contends that, for any purpose other than settlement, Plaintiff's claims are not appropriate for class or representative action treatment.

The Parties began to engage in informal and formal discovery to understand the nature of the allegations and the scope of potential liability. On January 20, 2021, Plaintiff served on Defendant requests for production of documents, two sets of special interrogatories, and notices of rule 30(b)(6) depositions of Defendant's person most knowledgeable. On March 8, 2021, Defendant responded to Plaintiff's discovery requests.

The Parties began to discuss the possibility of mediation and Defendant provided Plaintiff's counsel with pertinent data for the Class Members so that the Parties could fully-investigate the claims at issue and understand their strengths and weaknesses.

On November 23, 2021, the Parties attended a mediation with experienced mediator Jeffrey Krivis, Esq. (the "Mediator"). After the mediation, the Parties reached a settlement, as provided in the Settlement Agreement and herein, to settle Plaintiff's claims on a class-wide and representative basis. On November 18, 2022,

Plaintiff filed her initial Notice of Motion and Motion for Preliminary Approval of Class Action and PAGA Settlement ("Motion for Preliminary Approval") (Doc. No. 68). The Motion for Preliminary Approval was unopposed.

Following a hearing on the Motion for Preliminary Approval and the submission of a supplemental brief and declarations in connection therewith at the request of the Court (Doc. No. 78), the Court entered an Order Granting Plaintiff's Motion for Preliminary Approval on March 1, 2023 ("Order Granting Preliminary Approval") (Doc. No. 80).

Plaintiff now moves for final approval of the Settlement, Notice and Administration Costs, and the amount for the PAGA Allocation, and for approval of the requested Attorneys' Fees and Costs and Class Representative Service Payment, as set forth in the concurrently filed Motion for Attorneys' Fees, Costs, and Class Representative Service Payment.

## III. SUMMARY OF THE SETTLEMENT TERMS AND PLAN OF DISTRIBUTION

Under the terms of the Settlement Agreement, Defendant has agreed to pay a Gross Settlement Amount of $1,150,000.00. Settlement Agreement, ¶ 2.5. Subject to approval by the Court, the Net Settlement Amount will be calculated by deducting the following amounts from the Gross Settlement Amount: (1) Attorneys' Fees and Costs, consisting of attorneys' fees in the amount of 35% of the Gross Settlement Amount (equal to $402,500.00) and reimbursement of litigation costs and expenses in the amount of $17,740.87, to Class Counsel; (2) Class Representative Service Payment in the amount of $7,500.00 to Plaintiff Enma Sagastume; (3) Notice and Administration Costs in the amount of $12,500.00 to Simpluris; and (4) PAGA Allocation in the amount of $200,000.00. *Id.*, ¶ 5.3. The Net Settlement Amount,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

which is estimated to be $509,759.13, will be distributed in accordance with the Settlement Agreement, and there is no reversion to Defendant.[3]

Settlement Class Members will be paid from the Net Settlement Amount on, a *pro-rata* basis, based upon the number of weeks worked by Class Members during the Class Period, which Defendant will calculate in a manner that credits one workweek for any pay period during which the Class Member worked at Psychemedics in California any amount of time in a non-exempt position ("Workweeks"). Settlement Agreement, ¶¶ 2.2. The final gross amount to be sent and paid to each Settlement Class Member ("Individual Settlement Amount") will be determined based on his or her proportional share of the Net Settlement Amount based on the total number of Workweeks worked by each Settlement Class Member during the Class Period. *Id.*, ¶¶ 2.14 & 5.4. Specific calculations of Individual Settlement Amounts will be made as follows: Psychemedics will calculate the total number of Workweeks worked by each Class Member during the Class Period and the aggregate total number of Workweeks worked by all Class Members during the Class Period. *Id.*, ¶ 5.4.1. To determine each Class Member's estimated "Individual Settlement Amount," the Settlement Administrator will use the following formula: The Net Settlement Amount will be divided by the aggregate total number of Workweeks worked by all Class Members during the Class Period, resulting in the "Workweek Value." *Id.*, ¶ 5.4.2. Each Class Member's "Individual Settlement Amount" will be calculated by multiplying each individual Class Member's total number of Workweeks worked during the Class Period by the Workweek Value. Ibid.

///

///

---

[3] This amount is higher than the amount stated in Paragraph 17 of the accompanying Declaration of Desirae Burton Regarding Notice and Settlement Administration ("Simpluris Declaration" or "Simpluris Decl.") because the Settlement Administrator's calculation assumes that Class Counsel will obtain litigation costs and expenses in the maximum amount of $50,000.00, which is allocated under the Settlement. However, Class Counsel seeks the amount of only $17,740.87 for reimbursement of litigation costs and expenses, and the difference of $32,259.13 will remain part of the Net Settlement Amount.

Each PAGA Member's share of the PAGA Member Amount ("Individual PAGA Payment") will be determined by dividing the total number of Workweeks worked by all PAGA Members during the PAGA Period to produce a "Weekly PAGA Value." Settlement Agreement, ¶¶ 2.36 & 5.3.4. The Weekly PAGA Value will be multiplied by the number of Workweeks attributable to the individual PAGA Member for the PAGA Period to derive his or her Individual PAGA Payment. Ibid.

Class Members had forty-five (45) days from the Notice Date[4] ("Response Deadline") to submit a Request to Opt Out, written Notice of Objection, and/or dispute of the Workweeks credited to them. Settlement Agreement, ¶¶ 6.1.3, 8.1, 9.1, & 10.1 In the event that a Class Notice is re-mailed to a Class Member, the Response Deadline shall be extended by fifteen (15) days. Id., ¶ 6.1.3. The Response Deadline was June 5, 2023. Simpluris Decl., ¶ 11. As of the date of this motion, the Settlement Administrator has received only three (3) Requests to Opt Out and no written Notices of Objection from Class Members. Id., ¶¶ 12-13.

Each Individual Settlement Amount will be allocated as follows: (i) twenty percent (20%) of each Settlement Class Member's Individual Settlement Amount will be allocated as wages and subject to legally required employee tax withholdings, for which IRS Form W-2 will be issued; and (ii) eighty percent (80%) will be allocated as non-wage damages, penalties, and interest and not subject to deductions or withholdings, for which IRS Form 1099 will be issued. Id., ¶ 5.5. The Settlement Administrator will withhold (and remit to the appropriate taxing authorities) the employee's share of taxes and withholdings with respect to the wages portion of the Individual Settlement Amounts, and issue checks to Settlement Class Members for their Individual Settlement Payment (i.e., payment of their Individual Settlement Amount net of these taxes and withholdings). Ibid. The Settlement Administrator shall also remit the Employer Taxes to the appropriate taxing authorities. Ibid. Each

---

[4] "Notice Date" is defined as twenty (20) calendar days of the date on which the Settlement Administrator receives the Class List from Psychemedics, or on another date set by the Court. Settlement Agreement, ¶ 6.1.2

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Individual PAGA Payment will be allocated as one hundred percent (100%) penalties and will be reported on an IRS Form 1099 (if applicable) by the Settlement Administrator. Ibid.

Settlement Class Members and PAGA Members will have ninety days (90) days from the date the settlement checks are mailed to cash, deposit, or otherwise negotiate their settlement checks. *Id.*, ¶ 11.3. Thirty (30) days prior to the close of the ninety (90) day period, the Settlement Administrator will send a reminder postcard to those Settlement Class Members and PAGA Members who have not cashed, deposited, or negotiated their settlement checks. Ibid. Any remaining amounts from settlement checks after that date shall be transferred to the California State Controller's Office — Unclaimed Property Division. *Id.*, ¶ 11.4.

## IV.   **THE SETTLEMENT ADMINISTRATION PROCESS**

The Court-appointed Settlement Administrator, Phoenix, has taken all necessary steps to effectuate the notice and settlement administration process, as set forth in the Court's March 1, 2023 Preliminary Approval Order.

On March 2, 2023, Simpluris received a copy of the Court Approved Class Notice.

On March 31, 2023, Simpluris received a data file from Defendant's counsel that contained each Class Member's and PAGA Member's full names, last known addresses, telephone numbers, Social Security Numbers, total number of Workweeks worked by each Class Member during the Class Period, and total number of Workweeks worked by each PAGA Member during the PAGA Period ("Class List"). Simpluris Decl., ¶ 6. The Class List contained information for four hundred ninety-seven (497) individuals identified as Class Members. Ibid.  Simpluris processed the names and addresses through the National Change of Address Database ("NCOA") and updated the Class List with any updated addresses located. *Id.*, ¶ 7.

///

On April 20, 2023, Simpluris mailed the Class Notice via first class mail to four hundred ninety-seven (497) individuals identified as Class Members in the Class List. Simpluris Decl., ¶ 8.

As of the date of this Motion, twenty-five (25) Class Notices were returned as undeliverable. Simpluris Decl., ¶ 9. Of the twenty-five (25) returned Class Notices, three (3) were returned with a forwarding address and Simpluris promptly re-mailed the Class Notice to the provided forwarding address. Ibid. Simpluris performed a skip-trace search on those that were returned to Simpluris without forwarding addresses, located an updated address for eighteen (18) Class Members, and promptly re-mailed the Class Notice to the updated addresses. Ibid. Ultimately, four (4) Class Notices remain undeliverable because an updated address was not located through skip-tracing. Ibid.

The Response Deadline was June 5, 2023. Simpluris Decl., ¶ 11. As of the date of this Motion, the Settlement Administrator has received only three (3) Requests to Opt Out, and no Notices of Objection or disputes regarding Workweeks from Class Members. *Id*., ¶¶ 12, 13 & 14.

To date, there are four hundred and ninety-four (494) Class Members who did not submit a timely and valid Request to Opt Out, and are therefore, deemed to be Settlement Class Members. Simpluris Decl., ¶ 16. Pursuant to the terms of the Settlement, the Net Settlement Amount of approximately $509,759.13 will be distributed to Settlement Class Members in accordance with the terms of the Settlement. *Id*., ¶ 17.[5] The *highest* Individual Settlement Payment is currently estimated to be at least $3,564.23 and the *average* Individual Settlement Payment is currently estimated to be at least $966.60. *Id*., ¶ 18.[6] The *highest* Individual PAGA Payment is currently estimated to be at least $557.46 and the *average* Individual

---

[5] See n.3, *supra.*

[6] The actual average and highest Individual Settlement Payment will be larger than the amounts stated in the Simpluris Declaration because the Net Settlement Amount is larger due to Class Counsel's request for reimbursement of litigation costs and expenses in an amount that is less than $50,000.00 (the difference between the amount sought and the amount authorized under the Settlement, i.e., $32,259.13, will be part of the Net Settlement Amount). See n.3, *supra.*

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PAGA Payment is currently estimated to be at least $101.21. *Id.*, ¶ 21.

## V.   THE COURT SHOULD GRANT FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT.

The trial court has broad discretion to determine whether a class action settlement is fair and reasonable. *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 52. To determine whether the settlement is fair and reasonable, courts consider relevant factors such as "the strength of plaintiffs' case, the risk, expense, complexity and likely duration of further litigation, the risk of maintaining class action status through trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of counsel, the presence of a governmental participant, and the reaction of the class members to the proposed settlement." *Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1801. "The list of factors is not exclusive and the court is free to engage in a balancing and weighing of the factors depending on the circumstances of each case." *Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 245. "Due regard should be given to what is otherwise a private consensual agreement between the parties." *Dunk*, *supra*, 48 Cal.App.4th at 1801.

The proponent of the settlement has the burden to show that it is fair and reasonable. *Wershba*, *supra*, 91 Cal.App.4th at 245. At the final approval stage, a presumption of fairness exists where, as here: "(1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small." *Dunk*, *supra*, 48 Cal.App.4th at 1802. In reviewing a class settlement, the court need not reach any ultimate conclusions on the issues of fact and law that underlie the merits of the dispute. *7-Eleven Owners for Fair Franchising v. Southland Corp.* (2000) 85 Cal.App.4th 1135, 1146. The inquiry is not whether the settlement agreement is the best one that class members could have possibly obtained, but whether the settlement, taken as a

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

whole, is "fair, adequate, and reasonable." *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 55. A settlement need not obtain 100 percent of the damages sought in order to be fair, reasonable, and ultimately, meaningful. *Wershba*, *supra*, 91 Cal.App.4th at 251. Even if the proposed settlement affords relief that is substantially narrower than it would be if the case were to be successfully litigated, that is no bar to a class settlement because the public interest may indeed be served by a voluntary settlement in which each side gives ground in the interest of avoiding prolonged litigation.

### A. The Settlement Resulted from Arm's-Length Negotiations Based Upon Extensive Investigation and Discovery.

The Parties actively litigated the case since it commenced on June 9, 2020. Class Counsel conducted significant litigation, investigated the veracity, strength, and scope of the claims, and was preparing the matter for class certification and trial prior to reaching the Settlement. Declaration of Edwin Aiwazian in Support of Plaintiff's Motion for Final Approval of Class Action and PAGA Settlement and Motion for Attorney's Fees, Costs, and Class Representative Service Payment ("Aiwazian Decl."), ¶ 6. The parties conducted significant formal and informal discovery and investigation into the facts of the case, and exchanged and considered a large volume of information, documents, and data throughout the course of litigation and in connection with mediation and settlement negotiations. *Id.*, ¶ 7. Class Counsel engaged in the initial disclosures process, propounded multiple sets of written discovery requests on Defendant (i.e., Plaintiff's Interrogatories (Set One), Interrogatories (Set Two), and Request for Production of Documents (Set One)), served notices of deposition of person most knowledgeable with accompanying requests for productions of documents on Defendant, reviewed and analyzed Defendant's objections, responses, and production of documents in the course of formal discovery, prepared Plaintiff's responses to requests for production of documents, prepared for and took multiple sessions of deposition of Defendant's

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

Office and Facility Manager, and prepared for and defended the deposition of Plaintiff. Ibid. Class Counsel had the opportunity to interview and obtain information from Plaintiff and other putative class members, and reviewed and analyzed a large volume of pages of information, documents, and data obtained from Plaintiff, Defendant, and other sources. Ibid. The information, documents, and data reviewed and analyzed by Class Counsel included, and was not limited to: Plaintiff's and other Class Members' employment records, a detailed sampling of Class Members' time and pay data, class datapoints, Employee Handbooks (including appendices and notifications of employee handbook changes), policy acknowledgements (such as Employee Confidentiality Agreements, Receipt and Acknowledgement of Code of Ethics and Conduct, Receipt and Acknowledgement of Employee Handbook, and Acknowledgement of Defendant's drug test program), internal memoranda, job descriptions, checklists and forms (such as Documentation Checklist for New Hires, Forensic Drug Testing Custody and Control Form, Emergency Contact Information Form, Safety for all Employees – Test Form, Daily Time Log for Non-exempt Employees, Authorization for Release of Information, and Overtime Log), and employment and operations policies, practices, and procedures documents (such as Time Clock procedure, Code of Ethics and Conduct, and Meal Period and Rest Break policy), among other information, documents, and data. Ibid. Class Counsel researched applicable law, developed liability, damages, and penalties valuation models in the course of litigation and in connection with mediation and settlement negotiations, and met and conferred with Defendant's counsel on numerous occasions, e.g., to discuss issues relating to the pleadings, case management, motion practice, and the production of information, documents, and data in the course of litigation and mediation and settlement negotiations. Ibid. Other work performed by Class Counsel included, and was not limited to, case strategy and analysis; drafting, reviewing, and revising pleadings, motion-related papers, and the mediation brief;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

preparing for and attending court proceedings; and preparing for and attending hearings and mediation and settlement negotiations. Ibid.

After conducting significant formal and informal discovery and investigation into the facts of the case, the Parties attended a formal mediation conducted by Jeffrey Krivis, Esq., a well-regarded mediator experienced in mediating complex labor and employment matters. Aiwazian Decl., ¶ 9. In the course of mediation and settlement negotiations, the parties exchanged information, documents, and data, and discussed all aspects of the case, including but not limited to the risks and delays of further litigation, the risks to the parties of proceeding with class certification and trial, the law relating to class certification, off-the-clock theory, meal and rest periods, representative PAGA claims, and wage-and-hour law and enforcement, the evidence produced and analyzed, and the possibility of appeals, among other things. Ibid. During all settlement discussions, the Parties conducted their negotiations at arm's length in an adversarial position. Ibid. Arriving at a settlement that was acceptable to the Parties was not easy. Ibid. Defendant and its counsel felt strongly about Defendant's ability to prevail on the merits and to avoid class certification and representative adjudication, while Plaintiff and Class Counsel believed that they would be able to obtain class certification and prevail at trial. Ibid. After conducting significant formal and informal discovery and investigation, extensive settlement negotiations, and with the aid of the mediator's evaluation, the Parties ultimately agreed that the case was well-suited for settlement given the legal issues relating to Plaintiff's principal claims and the factual circumstances, as well as the costs and risks to the Parties that would attend further litigation. Ibid.

The Settlement takes into account the strengths and weaknesses of each side's position and the uncertainty of how the case might have concluded at certification, trial, and/or appeals. Class Counsel had the opportunity to interview and obtain information from Plaintiff and other putative class members. Aiwazian Decl., ¶ 7. Class Counsel also reviewed and analyzed a large volume of information,

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

documents, and data obtained from Defendant, Plaintiff, and other sources, and performed significant research into the applicable law, which is constantly evolving as it relates to certification, off-the-clock theory, meal and rest periods, PAGA representative claims, wage-and-hour law and enforcement, Plaintiff's claims and damages, and Defendant's defenses, as well as facts discovered. *Id.*, ¶¶ 6, 7 & 8. The Settlement was based on this large volume of facts, evidence, and investigation. *Id.*, ¶¶ 6 & 9. Additionally, Class Counsel has extensive experience in handling complex wage-and-hour matters, including significant experience in employment class action litigation. *Id.*, ¶¶ 16-19.

**B.** **The Risks Inherent in Continued Litigation Favor Final Approval of the Settlement.**

The Settlement, which provides for a Gross Settlement Amount of $1,150,000.00, represents a fair, adequate, and reasonable resolution of the case, given the risks inherent in litigating class and representative claims through certification proceedings, trial, and/or appeals. Aiwazian Decl., ¶¶ 9 & 22. The Settlement was calculated using information and data uncovered through extensive case investigation, formal and informal discovery, and the exchange of information in the context of preparing for mediation and ongoing settlement negotiations. *Id.*, ¶¶ 5-9. Had the action not settled, Defendant would have vigorously challenged class certification, manageability of representative adjudication, and liability. Defendant contended that individualized questions of fact predominated over any common issues, and these issues would pose challenges to certification and representative adjudication. Defendant would have likely argued again at trial, if any, that Plaintiff's claims were not appropriate for class-wide and/or representative adjudication. On the other hand, Defendant also faced the risk of the Court certifying a class and allowing a jury to decide Plaintiff's claims on a class-wide or representative basis. Additionally, preparation for trial would have been expensive for all parties.

It is preferable to reach an early resolution of a dispute because such resolutions save time and money that would otherwise go to litigation. If this matter had settled after further litigation, the settlement amount would have taken into account the additional costs incurred, and there might have been less money available for Class Members after all was said and done. This is not just an abstract contention. The risks and expenses of further litigation outweighed any benefit that might have been gained otherwise. These risks of further litigation include a determination that the claims were unsuitable for class treatment and/or representative adjudication, class de-certification after certification of a class, allowing a jury to decide the claims asserted in the case, and the real possibility of no recovery after years of litigation. Additionally, the Parties were moving into the phase of the litigation where they would have to conduct a significant amount of additional discovery, including and not limited to, depositions of Defendant's Person Most Knowledgeable designees, expert witnesses, and percipient witnesses, such as managers, supervisors, and other current and former employees throughout the State of California. Discovery disputes would have certainly arisen, which would have cost the parties additional time and money. In contrast, the Settlement provides real and significant benefits for the Class here and now, while avoiding the further expenses, risks, and delay of prolonged litigation with only the possibility of recovery.

It would be grossly inefficient for such a large class of current and former employees to bring individual actions to recover from Defendant for the alleged violations of wage-and-hour laws. Moreover, the potential individual recovery that could be obtained by a Class Member would not be significant enough to provide him or her with the incentive to sue. By granting final approval of the Settlement, the Court can approve a resolution that provides a certain and substantial recovery for Class Members and the State of California.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### C.  The Settlement Is Fair, Reasonable, and Adequate.

The Settlement, which provides for a Gross Settlement Amount of $1,150,000.00, represents a fair, reasonable, and adequate resolution of the case. The Settlement was calculated using information and data uncovered through extensive case investigation, formal and informal discovery, and the exchange of information in the context of preparing for mediation and conducting ongoing settlement negotiations.  The Settlement takes into account the potential risks and rewards inherent in any case and, in particular, in this case. Moreover, considering all of the facts in the case, the Gross Settlement Amount represents a considerable recovery.

Even after deducting attorneys' fees in the amount of $402,500.00, litigation costs and expenses in the amount of $17,740.87, Class Representative Service Payment in the amount of $7,500.00, Notice and Administration Costs in the amount of $12,500.00, and the PAGA Allocation in the amount of $200,000.00 from the Gross Settlement Amount of $1,150,000.00, as provided for by the Settlement, the Net Settlement Amount is currently estimated to be $509,759.13. Simpluris Decl., ¶ 17.[7] Under the Settlement Agreement, the Gross Settlement Amount will be fully paid out, in accordance with the terms of the Settlement. As discussed in Section III, *supra*, each Settlement Class Member will be paid a *pro rata* share of the Net Settlement Amount, based on the total number of Workweeks worked by each Settlement Class Member during the Class Period. To date, there are 494 Settlement Class Members and 214 PAGA Members. *Id.*, ¶ 16. The *highest* Individual Settlement Amount is currently estimated to be at least $3,564.23 and the *average* Individual Settlement Amount is currently estimated to be at least $966.60. *Id.*, ¶ 18. The *highest* Individual PAGA Payment is currently estimated to be at least $557.46 and the *average* Individual PAGA Payment is currently estimated to be $101.21. *Id.*, ¶ 20. The Individual Settlement Amount are subject to reduction for the employee taxes and withholdings. These are significant individual recoveries, particularly in

---

[7] See n.3, *supra*.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA
SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

light of the risks of litigation.

At the final approval stage, "[a]n allocation formula need only have a reasonable, rational basis [to warrant approval], particularly if recommended by experienced and competent class counsel." *In re American Bank Note Holographics, Inc., Securities Litigation* (S.D.N.Y. 2001) 127 F.Supp.2d 418, 429-30. The *pro rata* allocation here is a fair and reasonable way to distribute the Net Settlement Amount. In light of the above considerations, Class Counsel believes that the Settlement as a whole is fair, reasonable, and adequate, and in the best interest of the Class Members and the State of California. Aiwazian Decl., ¶ 21. Although the recommendations of Class Counsel are not conclusive, the Court can properly take the recommendations into account, particularly if Class Counsel appears to be competent, has experience with this type of litigation, and significant discovery and investigation have been completed, as is the case here. Conte & Newberg, *Newberg on Class Actions* (4th Ed., 2002) § 11.47. Accordingly, the Court should grant final approval of the Settlement.

**D.    The Class Was Represented by Competent Counsel.**

Class Counsel has extensive experience in employment class action law and complex wage-and-hour litigation. *Id.*, ¶¶ 16-19. Lawyers *for* Justice, PC has been appointed class counsel in numerous complex wage-and-hour cases, and has recovered millions of dollars for individuals in California. Ibid. Both Parties' counsel were capable of assessing the strengths and weaknesses of the Class Members' claims against Defendant and the benefits of the Settlement under the circumstances of the case and in the context of a private, consensual settlement agreement.

**E.    There Are No Objections to the Settlement.**

The Settlement has been well received by the Class – ***not a single Class Member objected to the Settlement.*** Simpluris Decl., ¶ 13. Specifically, no objections have been made as to the Gross Settlement Amount or requested Attorneys' Fees and Costs, Class Representative Service Payment, Notice and

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   Administration Costs, or the amount for the PAGA Allocation. California courts

2   have consistently found that a small number of objectors indicates the class' support

3   for a settlement and strongly favors final approval. *Wershba*, *supra*, 91 Cal.App.4th

4   at 250-51 (final approval granted despite 20 objectors); *7-Eleven Owners*, *supra*, 85

5   Cal.App.4th at 1152-53 (final approval granted despite 9 objectors).

6       Here, the lack of any objections speaks volumes about the fairness,

7   reasonableness, and adequacy of this Settlement. Accordingly, the Settlement as a

8   whole is presumed to be fair, reasonable, and adequate, and the Court should grant

9   final approval of the Settlement in its entirety.  *Dunk*, *supra*, 48 Cal.App.4th at 1802.

10  ## VI.    THE SETTLEMENT ADMINISTRATOR COSTS ARE FAIR AND

11  ## REASONABLE AND SHOULD BE APPROVED.

12      As set forth in the accompanying Simpluris Declaration, the total costs

13  incurred and to be incurred by Simpluris for the notice and settlement administration

14  process are $12,500.00. Simpluris Decl., ¶ 22.  The costs incurred and to be incurred

15  include, but are not limited to, expenses for formatting, printing, and mailing the

16  Class Notice to the Class Members in English; performing skip-trace searches on

17  Class Notices returned as undeliverable; re-mailing the Class Notices to any updated

18  addresses located by skip-trace search; receiving, reviewing, and processing

19  Requests to Opt Out, Notices of Objections, and disputes regarding Workweeks (if

20  any); handling inquiries from Class Members regarding the Settlement; calculating

21  Individual Settlement Amounts and Individual PAGA Payments, and preparing the

22  associated tax forms; and transmitting payments, among other things. *Id*., ¶ 3.

23      Accordingly, the Court should grant final approval of payment to Simpluris, a

24  necessary third-party administrator, for its handling of the notice and settlement

25  process, in the amount of $12,500.00.

26  ///

27  ///

28  ///

## VII. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant final approval of the Settlement and the PAGA Allocation, and award Notice and Administration Costs, in their entirety, as sought herein.

Dated: August 14, 2023                    **LAWYERS *for* JUSTICE, PC**

By:   */s/ Joanna Ghosh*
_____
Joanna Ghosh
*Attorney for* Plaintiff and the Class

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA
SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**