Edwin Aiwazian (Cal. State Bar No. 232943)
Arby Aiwazian (Cal. State Bar No. 269827)
Joanna Ghosh (Cal. State Bar No. 272479)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff Enma Sagastume and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENMA SAGASTUME, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>Plaintiff,<br><br>vs.<br><br>PSYCHEMEDICS CORPORATION, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: 2:20-cv-06624-DSF-GJS<br><br>Honorable Dale S. Fischer<br>Courtroom 7D<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION TO ADDRESS INADVERTENTLY LATE FILED MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE PAYMENT**<br><br>Complaint Filed: June 9, 2020<br>FAC Filed: October 15, 2020<br>SAC Filed: December 30, 2020<br>TAC Filed: October 6, 2022<br>Trial Date: None Set |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Enma Sagastume ("Plaintiff") hereby applies *ex parte* for an order to address the inadvertently late filed Motion for Attorney's Fees, Costs, and Class Representative Service Payment ("Motion for Fees") (Dkt. No. 85). The Court's March 1, 2023 Order granting preliminary approval of the settlement scheduled the hearing date on Plaintiff's Motion for Final Approval of Class Action and PAGA Settlement ("Motion for Final Approval") and Plaintiff's Motion for Fees to both be heard concurrently on September 11, 2023, but required that the motions be filed on separate dates. The Motion for Final Approval was ordered to be filed by August 14, 2023, while the Motion for Fees was ordered to be filed and served in advance of the Class Members' deadlines to opt out of or object to the Settlement ("Response Deadline"), which at that time was to take place on an unknown date (Dkt. No. 80 at Paragraphs 18-20). The Class Members' Response Deadline was later determined to be June 5, 2023. Plaintiff correctly filed the Motion for Final Approval (and supporting documents) by August 14, 2023, however, due to an inadvertent calendaring error, Plaintiff also filed the Motion for Fees on August 14, 2023, rather than before June 5, 2023 (Dkt. Nos. 84-85).

By way of this instant *ex parte* application, Plaintiff requests that the Court permit the late filing of the Motion for Fees and go forward with the currently scheduled hearing date on Plaintiff's Motion for Final Approval and Motion for Fees (which are scheduled concurrently for September 11, 2023 at 1:30 p.m., consistent with the Court's March 1, 2023 Order to hear the motions concurrently). Alternatively, if the Court requires, Plaintiff requests that the Class Members' Response Deadline be extended, that the Court re-set the hearing on Plaintiff's Motion for Fees and Motion for Final Approval to such date and time that is convenient for the Court, and if necessary, order that the Class be provided notice of the extended Response Deadline and new hearing date(s).

1

**PLAINTIFF'S *EX PARTE* APPLICATION TO ADDRESS INADVERTENTLY LATE FILED MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE PAYMENT**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1	Plaintiff's *ex parte* application is brought pursuant to Central District Local
2	Rule 7-19. Pursuant to Central District Local Rule 7-19.1, Plaintiff's counsel
3	notified Defendant's counsel, Mitchell A. Wrosch (available at
4	mitchell.wrosch@ogletreedeakins.com or 714-800-7912) and Andrew B. Levin
5	(available at andy.levin@ogletree.com or 602-778-3711), of the instant *ex parte*
6	application by e-mail. After first discovering that the Motion for Fees was filed
7	late, Plaintiff's counsel e-mailed Defendant's counsel on August 16, 2023 to
8	request that the Parties file a joint stipulation to address the above issue. On
9	August 17, 2023, Defendant's counsel replied and suggested that an *ex parte*
10	*application* would be the more appropriate vehicle rather than a joint stipulation,
11	and that Defendant would not oppose *ex parte* relief (this is so despite Plaintiff's
12	counsel's additional follow-up attempt to persuade Defendant to enter a stipulation
13	to obviate the need for an *ex parte* application). Then, on August 31, 2023,
14	Plaintiff's counsel informed Defendant's counsel via e-mail that the instant *ex*
15	*parte* application would be filed and served, and that, pursuant to Paragraph 7 of
16	the Court's Standing Order, any opposition papers are to be filed no later than 48
17	hours (or two court days) following service. Defendant's counsel had earlier
18	agreed not to oppose the first requested relief in this *ex parte* application (i.e., to
19	excuse the late filing of the Motion for Fees and have the Motion for Final
20	Approval and Motion for Fees go forward on September 11, 2023 at 1:30 p.m.),
21	while stating in its August 31, 2023 e-mail that it needed additional time to
22	consider the alternative relief requested in this application (i.e., extending the
23	Response Deadline and re-setting the hearing of the Motion for Final Approval and
24	Motion for Fees to a later date after the extended deadline). On September 5,
25	2023, Plaintiff's counsel clarified that, in the event that the Court orders that the
26	Class Members' deadline to opt out of or object to the Settlement be extended and
27	the Motion for Final Approval and Motion for Fees are re-set to a later date, and
28	the Class be provided with notice of the extended deadline and new hearing date(s)

**PLAINTIFF'S *EX PARTE* APPLICATION TO ADDRESS INADVERTENTLY LATE FILED MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE PAYMENT**

(e.g., through a postcard), Lawyers *for* Justice, PC will cover the associated additional settlement administration cost. That same day, on September 5, 2023, Defendant's counsel confirmed that it did not oppose the first requested relief but did oppose the alternative relief requested in this application (i.e., an extension of the deadline for Class Members to opt out of or object to the Settlement and re-setting of the hearing of the Motion for Final Approval and Motion for Fees to a later date after the extended deadline).

Good cause exists for granting emergency relief because:

- The Court has already preliminarily approved the Parties' settlement via the Court's Preliminary Approval Order (Dkt. No. 80);

- By way of Paragraph 20 of the Preliminary Approval Order, the Court ordered that the Motion for Fees be filed and served in advance of the opt out/objection date (i.e., the deadline for Class Members to opt out of or object to the Class Settlement ("Response Deadline")); however, due to an inadvertent calendaring error, the Motion for Fees was filed late on August 14, 2023.

- On or about the date that the Preliminary Approval Order was entered, Class Counsel calendared, *inter alia*, an internal deadline to determine what the Response Deadline would be (in order to calendar a further, separate deadline to file the Motion for Fees), because the Response Deadline was unknown at that time and would be dependent on the date on which the third-party court-appointed settlement administrator ("Simpluris, Inc.") ultimately conducted its mailing of the Class Notice to the Class Members;

- Due to the wording in the calendar entry in the case management system and inadvertent oversight by a former legal assistant and a former attorney, both of whom are no longer with Class Counsel's firm, no further and separate deadline was calendared for the filing of

3
**PLAINTIFF'S *EX PARTE* APPLICATION TO ADDRESS INADVERTENTLY LATE FILED MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE PAYMENT**

the Motion for Fees.

- Simpluris, Inc. conducted the mailing of the Class Notice to the Class Members on April 20, 2023, making the Response Deadline June 5, 2023. No Class Members objected to the settlement or provided any workweek disputes, and only three Class Members requested exclusion (i.e., opted out) from the settlement. (Dkt. No. 84-3 at 3:11-14).

- On August 14, 2023, Plaintiff filed the Motion for Fees (Dkt. No. 85), along with the Motion for Final Approval of Class Action and PAGA Settlement (Dkt. No. 84) and supporting documentation;

- By granting this *ex parte* application, the Court will correct the timeliness and order in which the Motion for Fees and the Motion for Final Approval should have been filed to be consistent with the intent of the Court's Preliminary Approval Order;

- *Ex parte* relief is necessary so that Plaintiff can advise the Court of this issue and seek redress in advance of the September 11, 2023 hearing dates;

- No prejudice will result by granting the requested relief, and Defendant's counsel has already stated it does not oppose the first relief requested in this *ex parte* application;

- The relief requested is necessary to conserve the Court's and parties' resources and to expeditiously implement the notice and settlement procedures so that, hopefully, the settlement can be granted final approval by the Court and disbursement of payment can take place to the beneficiaries of the settlement (including and not limited to, the Class, State of California, and PAGA Members); and

- At approximately 10:45 a.m. on August 31, 2023, Plaintiff provided Defendant with notice of Plaintiff's intent to file the instant *ex parte*

1 application as well as a draft of the application (as of that time).

2 This application is based upon the attached Memorandum of Points and
3 Authorities, the Declaration of Joanna Ghosh, any documents Plaintiff may
4 subsequently file, all other pleadings and papers on file in this action, and any oral
5 argument or other matter that may be considered by the Court.

6 For these reasons, Plaintiff respectfully requests that the Court permit the
7 late filing of the Motion for Fees and go forward with the currently scheduled
8 hearing date on Plaintiff's Motion for Final Approval and Motion for Fees (which
9 are scheduled concurrently for September 11, 2023 at 1:30 p.m., consistent with
10 the Court's March 1, 2023 Order to hear the motions concurrently). Alternatively,
11 if the Court requires, Plaintiff requests that the Class Members' Response Deadline
12 be extended, that the Court re-set the hearing on Plaintiff's Motion for Fees and
13 Motion for Final Approval to such date and time that is convenient for the Court,
14 and if necessary, order that the Class be provided notice of the extended Response
15 Deadline and new hearing date(s).

19 Date: September 5, 2023                      **LAWYERS *for* JUSTICE, PC**

21                                              By: /s/ Joanna Ghosh
22                                              Joanna Ghosh
                                                *Attorneys for* Plaintiff and the Class

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Good cause exists for granting Plaintiff Enma Sagastume's ("Plaintiff") *ex parte* application. The Court's March 1, 2023 Order granting preliminary approval of the settlement scheduled the hearing date on Plaintiff's Motion for Final Approval and Plaintiff's Motion for Fees to both be heard concurrently on September 11, 2023, but required that the motions be filed on separate dates. The Motion for Final Approval was ordered to be filed by August 14, 2023m, while the Motion for Fees was ordered to be filed and served in advance of the Class Members' Response Deadline, which at that time was to take place on an unknown date (Dkt. No. 80 at Paragraphs 18-20). The Class Members Response Deadline was later determined to be June 5, 2023. Plaintiff correctly filed the Motion for Final Approval (and supporting documents) by August 14, 2023, however, due to an inadvertent calendaring error, Plaintiff also filed the Motion for Fees on August 14, 2023, rather than on June 5, 2023 (Dkt. Nos. 84-85). Plaintiff is unaware of any prejudice to Defendant that would result from the Court granting the requested *ex parte* relief. The relief requested is necessary to conserve the Court's and parties' resources and to expeditiously implement the notice and settlement procedures so that, hopefully, the settlement can be granted final approval by the Court and disbursement of payment can take place to the beneficiaries of the settlement (including and not limited to, the Class, State of California, and PAGA Members); and

Plaintiff *ex parte* application requests that the Court permit the late filing of the Motion for Fees and go forward with the currently scheduled hearing date on Plaintiff's Motion for Final Approval and Motion for Fees (which are scheduled concurrently for September 11, 2023 at 1:30 p.m., consistent with the Court's March 1, 2023 Order to hear the motions concurrently). Alternatively, if the Court requires, Plaintiff requests that the Class Members' Response Deadline be

6

**PLAINTIFF'S *EX PARTE* APPLICATION TO ADDRESS INADVERTENTLY LATE FILED MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE PAYMENT**

1  extended, that the Court re-set the hearing on Plaintiff's Motion for Fees and
2  Motion for Final Approval to such date and time that is convenient for the Court,
3  and if necessary, that the Class be provided notice of the extended Response
4  Deadline and new hearing date(s).  Such relief is necessary so that the Court can
5  address this issue in advance of the September 11, 2023 hearing date that is
6  currently scheduled.  Plaintiff's counsel attempted to address the issue with
7  Defendant's counsel via a joint stipulation for the Court's attention, but
8  Defendant's counsel stated that it did not believe a joint stipulation was the
9  appropriate vehicle.  Defendant's Counsel suggested bringing an *ex parte*
10 application and stated that it would not oppose an application that sought to have
11 the current hearing dates remain on calendar, but that is does oppose an extension
12 of the Response Deadline.  Therefore, Plaintiff submits the instant *ex parte*
13 application.

## II. RELEVANT FACTS

15 On November 18, 2022, Plaintiff filed a Motion for Preliminary Approval
16 (Dkt. No. 68) and on February 21, 2023 the Plaintiff filed supplemental papers in
17 support of the Motion for Preliminary Approval (Dkt. No. 78).  On March 1, 2023,
18 the Honorable Dale S. Fischer in Courtroom 7D of the United States District Court
19 for the Central District of California, located at First Street Courthouse, 350 West
20 First Street, Los Angeles, California 90012, entered a Preliminary Approval Order
21 granting preliminary approval of the class action and PAGA settlement (Dkt. No.
22 80).  By way of Paragraph 20 of the Preliminary Approval Order, the Court
23 ordered that the motion for attorneys' fees and costs be filed and served in advance
24 of the Response Deadline.  On or about the date that the Preliminary Approval
25 Order was entered, Plaintiff's counsel calendared, *inter alia*, an internal deadline to
26 determine what the Response Deadline would be (in order to calendar a further,
27 separate deadline to file the motion for attorneys' fees and costs), because the
28 Response Deadline was unknown at that time and would be dependent on the date

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

7
**PLAINTIFF'S *EX PARTE* APPLICATION TO ADDRESS INADVERTENTLY LATE FILED MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE PAYMENT**

on which the third-party court-appointed settlement administrator ("Simpluris, Inc.") ultimately conducted its mailing of the Class Notice to the Class Members.

Simpluris, Inc. conducted the mailing of the Class Notice to the Class Members on April 20, 2023, making the Response Deadline June 5, 2023. Due to the wording in the calendar entry in the case management system and inadvertent oversight by a former legal assistant and a former attorney, both of whom are no longer with Plaintiff's Counsel's firm, no further and separate deadline was calendared for the filing of the motion for attorneys' fees and costs. Declaration of Joanna Ghosh ("Ghosh Decl.") ¶¶ 4-7).

On August 14, 2023, Plaintiff filed the Motion for Fees (Dkt. No. 85), along with the Plaintiff's Motion for Final Approval (Dkt. No. 84) and supporting documentation. After learning of the failure to file a timely Motion for Fees, Plaintiff's counsel took immediate steps to meet and confer with Defendant's counsel to address the issue. (Dkt. No. 85; *see also* Ghosh Decl., ¶¶ 8-12).

Specifically, Plaintiff's counsel e-mailed Defendant's counsel on August 16, 2023 to discuss entering into a joint stipulation to address the above issues regarding Plaintiff's Motion for Fees. (Ghosh Decl., ¶ 8, Ex. A). The following day, Defendant's counsel informed Plaintiff's counsel that it did not believe this to be a situation that the Parties could resolve through a joint stipulation, and instead stated that Defendant would not file an opposition if Plaintiff made such a request for relief to the Court. (Ghosh Decl., ¶ 9, Ex. B). Defendant's counsel suggested that Plaintiff's counsel submit an *ex parte* application to address this issue and that Defendant would not oppose the *ex parte* application. (Ghosh Decl., ¶¶ 9-11, Exs. B-D).

On August 31, 2023, Plaintiff provided Defendant with a draft of the contemplated *ex parte* application (as of that time). (Ghosh Decl., ¶ 12). Defendant stated that it needed additional time to consider whether it would submit to or oppose the alternative requested relief in this application (i.e., to extend the

1 Response Deadline and re-set the hearing of the Motion for Final Approval and
2 Motion for Fees). (Ghosh Decl., ¶ 12, Ex. E). On September 5, 2023, Plaintiff's
3 counsel clarified that, in the event that the Court orders that the Class Members'
4 deadline to opt out of or object to the Settlement be extended and the Motion for
5 Final Approval and Motion for Fees are re-set to a later date, and the Class be
6 provided with notice of the extended deadline and new hearing date(s) (e.g.,
7 through a postcard), Lawyers *for* Justice, PC will cover the associated additional
8 settlement administration cost. (Ghosh Decl., ¶ 13, Ex. F). That same day, on
9 September 5, 2023, Defendant's counsel reiterated that it did not oppose the first
10 relief requested in this application (i.e., that the Motion for Final Approval and
11 Motion for Fees go forward on September 11, 2023 at 1:30 p.m.), but would
12 oppose the alternative relief requested in this application (i.e., an extension of the
13 deadline for Class Members to opt out of or object to the Settlement and re-setting
14 of the hearing of the Motion for Final Approval and Motion for Fees to a later date
15 after the extended deadline). (Ghosh Decl., ¶ 13, Ex. F).

**Defendant's Counsel's Contact Information**

Andrew B. Levin and Mitchell A. Wrosch are counsel for Defendant. Their contact information is as follows:

```
Andrew B. Levin
andy.levin@ogletree.com
Mitchell A. Wrosch
mitchell.wrosch@ogletreedeakins.com
OGLETREE, DEAKINGS, NASH, SMOAK & STEWART PC
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, California 92626
Tel: (714) 800-7900/ Fax: (714) 754-1298
```

**III. ARGUMENT**

**A. The Court Has Discretion to Extend the Response Deadline and/or Continue/Re-Set the Date to Hear Plaintiff's Motion for Final Approval and Motion for Fees.**

A party moving for *ex parte* relief must provide an explanation to justify the requested relief. *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995). Additionally, the moving party is required to make a showing that he or she will be prejudiced without the requested relief, and that the moving party is without fault in creating the crisis or that there was excusable neglect. *Id.*; *see also In re Intermagnetics America, Inc.*, 101 BR 191, 193 (C.D.Cal.1989) (good cause exists "where there is some genuine urgency such that 'immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party of his attorney can be heard in opposition'"); *Horne v. Wells Fargo Bank, N.A.*, 969 F.Supp.2d 1203, 1205 (C.D. Cal. 2013). In granting an *ex parte* application, a trial court should also weigh whether providing the requested relief would be unfair to the nonmoving party. *In re Intermagnetics America, Inc.*, 101 BR at 192-19; *see also In re High Sulfur Content Gasoline Products Liability Litig.*, 517 F.3d 220, 231 (5th Cir. 2008).

"When an act may or must be done within a specified time, the court may, for good cause, extend the time… on motion made after the time has expired if the party failed to act because of excusable neglect." FRCP 6(b)(1)(B). Moreover, it is well-established that "a trial court has inherent authority to control its own docket and calendar." *Yong v. I.N.S.*, 208 F. 3d 1116, 1119 (9th Cir. 2000).

B. **Good Cause Exists.**

Good cause exists for the Court to allow Plaintiff's Motion for Fees to be filed on August 14, 2023 with the hearing on the motion to take place on the same date and at the same time as the Motion for Final Approval, which is September 11, 2023 at 1:30 p.m., or, alternatively, if the Court requires, extend Class Members' Response Deadline, continue the hearing on the motions to such date and time that is convenient for the Court, and if necessary, order that the Class be provided notice of the extended Response Deadline and new hearing date(s). Plaintiff's Motion for Final Approval and Motion for Fees are currently scheduled

to be heard on **September 11, 2023**. Plaintiff bring this *ex parte* application now in order to avoid wasting the Court's and the parties' resources. Plaintiff is unaware of any prejudice on the part of Defendant (the nonmoving party) if the Court grants Plaintiff's *ex parte* application, and in fact Defendant has already stated that it does not oppose the first relief requested in this application (namely, having the Motion for Final Approval and Motion for Fees go forward on September 11, 2023) but that is does oppose an extension of the Response Deadline.

### C. *Ex Parte* Relief is Warranted.

Ex parte relief is warranted because good cause exists and Plaintiff acted diligently to address the above timing issue which was the result of excusable neglect. Due to the wording of the calendar entry in Plaintiff's counsel's case management system and inadvertent oversight by a former legal assistant and a former attorney, both of whom are no longer with Plaintiff's Counsel's firm, no further and separate deadline was calendared for the filing of the motion for attorneys' fees and costs once the specific date of the Response Deadline was determined. This resulted in the late filing of Plaintiff's Motion for Fees, which was filed on the same date as the Motion for Final Approval. Plaintiff's Counsel apologizes for the calendaring error and any inconvenience caused by it.

Once Plaintiff's counsel became aware that it had not timely filed a Motion for Fees, Plaintiff's counsel expeditiously met and conferred with Defendant's Counsel regarding the issue. Specifically, Plaintiff's counsel first met and conferred with Defendant's Counsel regarding whether Defendant would enter into a joint stipulation to address the issue. However, while Defendant was unwilling to enter into a stipulation, it suggested that Plaintiff seek *ex parte* relief and stated that it would not oppose relief that sought to excuse the late filing and have the current hearing schedule remain on calendar. Accordingly, Plaintiff's *ex parte* application is warranted.

11

**PLAINTIFF'S *EX PARTE* APPLICATION TO ADDRESS INADVERTENTLY LATE FILED MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE PAYMENT**

///

///

## IV. CONCLUSION

For the forgoing reasons, good cause exists for this Court to allow Plaintiff's Motion for Fees to be heard at the same time as Plaintiff's Motion for Final Approval on September 11, 2023, or if the Court requires, to extend the Class Members' Response Deadline, re-set the hearing dates on such motions, and if necessary, provide the Class with notice of the extended Response Deadline and new hearing date(s).

Date: September 5, 2023                              **LAWYERS *for* JUSTICE, PC**

By: /s/ Joanna Ghosh
    Joanna Ghosh
    *Attorneys for* Plaintiff and the Class

**PLAINTIFF'S *EX PARTE* APPLICATION TO ADDRESS INADVERTENTLY LATE FILED MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE PAYMENT**