# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENMA SAGASTUME, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,<br><br>    Plaintiff,<br><br>    vs.<br><br>PSYCHEMEDICS CORPORATION, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>    Defendant. | Case No.: 2:20-cv-06624-DSF-GJS<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT AND JUDGMENT (Dkt. 84)** |

This matter came before the Court on Plaintiff Enma Sagastume's Motion for Final Approval of Class Action and PAGA Settlement.

On March 1, 2023, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (Docket No. 80), preliminarily approving the settlement of the above-entitled action in accordance with the Amended Joint Stipulation of Class Action and PAGA Settlement entered into by and between Plaintiff and Defendant Psychemedics Corporation, which, together with the attached exhibits, set forth the terms and conditions for settlement of the Action.

Having reviewed the Settlement Agreement and considered the parties' papers and oral argument, and good cause appearing,

**THE COURT ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1.  All terms used here shall have the same meaning as defined in the Settlement Agreement and the Preliminary Approval Order.

2.  This Court has jurisdiction over the claims of the Class Members asserted in this proceeding and over all parties to the Action.

3.  With respect to the Class and for purposes of approving this Settlement only, this Court finds that: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among members of the Class with respect to the subject matter of the Action; (c) the claims of Plaintiff are typical of the claims of the members of the Class; (d) a class action is superior to other available methods for an efficient adjudication of this controversy; and (e) the counsel of record for Plaintiff, Lawyers *for* Justice, PC, is qualified to serve as counsel for the Class. The Class is defined to include:

All current and former hourly-paid or non-exempt employees of

Psychemedics working in California during the period from June 9, 2017 to March 1, 2023.

4. The Court confirms Edwin Aiwazian and Joanna Ghosh of Lawyers *for* Justice, PC as Class Counsel, and Plaintiff Enma Sagastume as Class Representative.[1]

5. The Notice of Class Action Settlement that was provided to the Class Members fully and accurately informed the Class Members of all material elements of the Settlement and of their opportunity to participate in, object to, comment on, or seek exclusion from the Settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, due process, and other applicable law. The Class Notice fairly and adequately described the Settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

6. The Court grants final approval to the Settlement and finds that it is fair, reasonable, and adequate, and in the best interests of the Class as a whole. More specifically, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the Settlement is the result of serious, informed, adversarial, and arms-length negotiations between the parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable. In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of Plaintiff's claims; the risk, expense, and complexity of the claims presented; the likely

---

[1] The Court indicated at the hearing on this motion that further information would be required before additional counsel would be designated as Class Counsel. No further information was provided. At the January 23, 2023 hearing on Plaintiff's Motion for Preliminary Approval of Class Action and PAGA Settlement, Oksana Takvoryan represented to the Court: "I'm the primary attorney working on this matter and the settlement . . . ." Ms. Takvoryan was terminated from the docket shortly thereafter.

duration of further litigation; the amount offered in the Settlement; the extent of investigation and discovery completed; and the experience and views of Class Counsel. The Court has further considered the absence of any objections to the Settlement submitted by Class Members. The Court directs that the Settlement be implemented in accordance with the Settlement Agreement and the following terms and conditions.

7. The Court finds that a full opportunity has been afforded to Class Members to make objections to the Class Settlement and a full opportunity has been afforded to Class Members to participate in the Final Approval Hearing. No Class Member or other person asked to be heard. The Court also finds that Class Members also have had a full and fair opportunity to exclude themselves from the Class Settlement. The Court determines that all Class Members who did not submit a timely and valid Request to Opt Out are bound by this Order Granting Final Approval of Class Action and PAGA Settlement.

8. The Court finds that three Class Members have timely and validly opted out of the Class Settlement and will not be bound by this Final Approval Order and Judgment.

9. The Court finds that payment of Notice and Administration Costs in the amount of $12,500 is appropriate for the services performed and costs incurred and to be incurred for the notice and settlement administration process. It is ordered that the Settlement Administrator, Simpluris, Inc., shall issue payment to itself in the amount of $12,500, in accordance with the Settlement Agreement.

10. The Court finds that the allocations of $200,000 toward penalties under the Private Attorneys General Act, California Labor Code section 2698, *et seq.* (PAGA Allocation) is fair, reasonable, and appropriate, and is approved. The Settlement Administrator shall distribute the PAGA Allocation as follows: the amount of $150,000 to the California Labor and Workforce Development Agency,

and the amount of $50,000 to be distributed to all current and former hourly-paid or non-exempt employees of Defendant working in California during the period from September 8, 2020 to March 1, 2023 (PAGA Members), according to the terms set forth in the Settlement Agreement.

11. The Court enters Judgment by which Participating Class Members shall be conclusively determined to have given a release of any and all Released Class Claims and against the Releasees and the State of California with respect to all PAGA Members and all PAGA Members shall be conclusively determined to have given a release of any and all Released PAGA Claims against the Releasees, as set forth in the Settlement Agreement and Class Notice.

12. It is ordered that Defendant shall fund the Gross Settlement Amount pursuant to the Settlement Administrator's instructions no later than 20 calendar days after the Effective Date in accordance with the Settlement Agreement.

13. It is ordered that the Settlement Administrator shall distribute Individual Settlement Amounts to Settlement Class Members and Individual PAGA Payments to PAGA Members within 15 calendar days following the funding of the Gross Settlement Amount, according to the methodology and terms set forth in the Settlement Agreement.

14. It is ordered that any and all Individual Settlement Payment checks issued to Class Members that are not cashed, deposited, or otherwise negotiated within 90 calendar days from the date of their mailing will be cancelled and the funds associated with such cancelled checks will be transmitted to the California State Controller's Office – Unclaimed Property Division in the name of the Settlement Class Members who did not cash their Settlement checks, according to the methodology and terms set forth in the Settlement Agreement.

15. After entry of this Final Approval Order and Judgment, the Court shall retain jurisdiction to construe, interpret, implement, and enforce the

Settlement Agreement and this Final Approval Order and Judgment, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

16. Individualized notice of this Final Approval Order and Judgment is not required to be provided to Class Members. A copy of this Final Approval Order and Judgment shall be posted on the Settlement Administrator's website, which is accessible to Class Members, for a period of at least 60 calendar days after the date of entry of this Final Approval Order and Judgment.

**IT IS SO ORDERED.**

DATE: October 12, 2023

_____
The Honorable Dale S. Fischer
United States District Judge